FANNIE LOUISE YORK TEAGUE v. ASHEBORO MOTOR COMPANY

No. 7219SC330

(Filed 28 June 1972)

1. **Limitation of Actions § 12; Pleadings § 34; Rules of Civil Procedure § 15— wrong defendant — amendment of complaint — correct defendant — relation back**

   Where plaintiff filed a complaint against a corporate defendant not involved in the alleged tort and not in existence at the time of the incident in question, and plaintiff's action was barred by the statute of limitations five days after the complaint was filed, an "amended complaint" naming the correct corporate defendant which was filed after the statute of limitations had run did not relate back to the original complaint, and motion of the correct defendant to dismiss the action was properly allowed. G.S. 1A-1, Rule 15.

2. **Pleadings § 33; Rules of Civil Procedure § 15— amendment of pleading — relation back — notice**

   In order for a claim asserted in an amended pleading to relate back to the original pleading, the claim asserted in the amendment must be against one given notice in the original pleading of the transactions to be proved. G.S. 1A-1, Rule 15(c).

3. **Limitation of Actions § 16; Rules of Civil Procedure § 12— defense of statute of limitations — motion to dismiss**

   The defense of the statute of limitations was properly raised by a motion to dismiss for failure to state a claim for relief.

APPEAL by plaintiff from *Johnston, Judge,* at the 13 December 1971 Session of RANDOLPH Superior Court.

The events leading to this appeal are in chronological order as follows:

Plaintiff alleges that on 25 November 1967 she received personal injuries as a result of the negligence of an automobile dealership at the time operating under the name of Asheboro Motor Co., Inc. On 10 August 1970 Asheboro Motor Company, Inc., changed its corporate name to Rabb & York, Inc., and shortly later on the same day a new corporation assumed the name of Asheboro Motor Co., Inc. The new corporation was an automobile dealership operating from the same location as the former Asheboro Motor Co., Inc., but it was in no way connected to or related to that corporation. Wherever necessary, for purposes of clarity in this opinion, the old Asheboro Motor Co. and Rabb & York, Inc., the same corporation, will be referred to as Corp. I and the new Asheboro Motor Co., a separate entity, will be referred to as Corp. II.

On 20 November 1970 plaintiff instituted an action based on the incident of 25 November 1967. The summons and complaint were, however, addressed to the Asheboro Motor Co. (Corp. II). Asheboro Motor Co. (Corp. II) was the named defendant in the suit and all references in the complaint were to Asheboro Motor Co. (Corp. II). The third anniversary of the incident, out of which the suit arose, occurred on 25 November 1970. Sometime later plaintiff discovered that the suit had been filed against a corporation which was not in existence at the time of the injury and was not in fact the proper defendant. On 7 December 1970 plaintiff filed a document styled "Amended Complaint." This document still named Asheboro Motor Co. (Corp. II) as defendant, but this document and a summons were served on A. C. Rabb, President of Rabb & York, Inc. Certain allegations as to the changes of corporate name and ownership of the corporation were included in a new paragraph in this document. On 7 January 1971 Rabb & York, Inc. (Corp. I) filed a motion to dismiss on the grounds of insufficiency of process, insufficiency of service, and failure to state a claim for relief. On 5 June 1971 Rabb & York, Inc. (Corp. I) filed an amendment to its motion to dismiss setting up the statute of limitations as a bar to the action.

Upon hearing, the motion to dismiss, as amended, was allowed and judgment was filed on 17 December 1971 dismissing the action against Rabb & York, Inc. (Corp. I).

Teague v. Motor Co.

From this judgment, plaintiff appealed.

*Ottway Burton for plaintiff appellant.*

*Coltrane and Gavin by W. E. Gavin for defendant appellee, Rabb & York, Inc.*

CAMPBELL, Judge.

[1] The facts set forth above show that plaintiff in this case filed a complaint against a party not involved in the alleged tortious incident and not even in existence at the time of the incident. In essence, plaintiff sued the wrong "defendant." Five days after the complaint was filed, the plaintiff's action was barred by the statute of limitations. Sometime thereafter plaintiff discovered her error and attempted to correct it by filing an "Amended Complaint" and having it served on appellee. Appellee raised the defense of the statute of limitations in a motion to dismiss.

There is a serious question as to whether appellee was effectively served with process. We believe that this case can be disposed of on other grounds and therefore do not reach this question.

The question for decision is whether plaintiff can file a complaint against the wrong party and then after the statute of limitations has run, attempt to bring the correct party into the action by a purported amendment of the complaint.

Plaintiff contends that the action was commenced on 20 November 1970 when the original complaint was filed and that the amended complaint served on appellee on 7 December 1970 related back to the original complaint. This would bring the date the action was commenced within three years of the date of injury and it would not be barred by the statute of limitations. Plaintiff contends that the amendment was merely to correct spelling of the name. We do not agree.

Rule 15(a) of the North Carolina Rules of Civil Procedure (N.C.R.C.P.) allows amendment of pleadings under certain stated conditions. G.S. 1A-1, Rule 15.

Rule 15(c) (N.C.R.C.P.) states the conditions under which a claim asserted in an amended pleading "relates back" to the original pleading. G.S. 1A-1, Rule 15.

---

**Teague v. Motor Co.**

---

Plaintiff urges upon us the rule of liberality of amendment under the Rules of Civil Procedure. She insists that the amendment was merely a correction of spelling and should relate back to the original complaint.

**[2]** Plaintiff's argument is without merit. Not only was a misnomer used for appellee's name, but, more importantly, the complaint was served on the wrong party. Appellee Rabb & York, Inc., had no notice of the action until the amended complaint was filed on 7 December 1970. Rule 15(c) provides that a claim asserted in an amended pleading relates back to the original pleading, "unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." To whom must notice be given? The obvious answer is that the claim asserted in the amendment must be against one given notice in the original pleading of the transactions to be proved. Such notice was not given in this case and we believe that the clear words of the statute prevent the amended complaint from relating back to the original complaint.

While we find no North Carolina cases under the Rules of Civil Procedure on this point, we find a number of Federal cases to which we look for guidance. The established rule is that,

> "If the effect of the proposed amendment is merely to correct the name of a party already in court, clearly there is no prejudice in allowing the amendment, even though it relates back to the date of the original complaint. (Citations omitted.)

> "On the other hand, if the effect of the amendment is to substitute for the defendant a new party, or add another party, such amendment amounts to a new and independent clause of action and cannot be permitted when the statute of limitations has run. (Citations omitted) * * * " *Kerner v. Rockmill*, 111 F. Supp. 150 (1953). See also *Sanders v. Metzger*, 66 F. Supp. 262 (1946).

Appellee Rabb & York, Inc. was clearly not in court when the amended complaint was filed. The amendment attempted to substitute Rabb & York, Inc. for the Asheboro Motor Co. (Corp. II), when the complaint named as defendant and upon whom it was served.

[3] The amended complaint filed in this case does not fall within the rules for relation back to the original complaint. The defense of the statute of limitations was properly raised by a motion to dismiss for failure to state a claim for relief. 1A Barron & Holtzoff, § 281, 2A Moore's Federal Practice, § 12.09; 1 McIntosh, N. C. Practice, § 371 (1970 Pocket Part) ; *Wilson v. Shores-Mueller Co.*, 40 F. Supp. 729 (1941) ; and *Wright v. Bankers Service Corp.*, 39 F. Supp. 980 (1941), appeal dismissed, 128 F. 2d 865. The trial court was correct in dismissing plaintiff's action.

Affirmed.

Chief Judge MALLARD and Judge BROCK concur.