VANN DALE HARGETT, CECIL GLENN HARGETT, GERALD KEITH HARGETT, AND
FRANCES HARGETT DEASON v. ROBERT L. HOLLAND

No. 377PA93

(Filed 9 September 1994)

**Limitations, Repose, and Laches § 26 (NCI4th)— attorney mal-
practice—negligent will drafting—last act giving rise to
claim—statute of repose**

Where defendant attorney contracted to prepare and super-
vise the execution of a will, the attorney had no continuing duty
thereafter to review or correct the will or to prepare another will,
and the attorney's last act giving rise to a claim for professional
malpractice for alleged negligence in drafting the will occurred
when he supervised the execution of the will. Therefore, plain-
tiffs' malpractice claim against the attorney was barred by the
four-year statute of repose contained in the professional mal-
practice statute of limitations, N.C.G.S. § 1-15(c), where the claim
was filed more than 13 years after the attorney prepared the will
and supervised its execution.

**Am Jur 2d, Attorneys at Law §§ 219-221.**

**When statute of limitations begins to run upon action
against attorney for malpractice. 32 ALR4th 260.**

On defendant's petition for discretionary review pursuant to
N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals
reversing an order dismissing complaint for failure to state a claim
entered at the 23 March 1992 Civil Session of Superior Court, Union
County, Helms, J., presiding. Heard in the Supreme Court 12 May
1994.

*Brown, Hogin & Montgomery, by R. Kent Brown, for plaintiff-
appellees.*

*Dean & Gibson, by Rodney Dean and J. Bruce McDonald, for
defendant-appellant.*

*Dameron & Burgin, by Charles E. Burgin; Smith Helms Mulliss
& Moore, L.L.P., by Jo Ann T. Harllee, amicus curiae, on behalf
of the N.C. Bar Association.*

**HARGETT v. HOLLAND**

[337 N.C. 651 (1994)]

EXUM, Chief Justice.

This appeal presents the question whether a claim for professional malpractice against an attorney for alleged negligence in drafting a will is barred by the four-year statute of repose contained in our professional malpractice statute of limitations, N.C.G.S. § 1-15(c)(1983), when the claim is filed more than 13 years after the attorney prepared the will and supervised its execution. Section 1-15(c) provides:

> Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, economic or monetary loss, or a defect in or damage to property which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that *in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action*: Provided further, that where damages are sought by reason of a foreign object, which has no therapeutic or diagnostic purpose or effect, having been left in the body, a person seeking damages for malpractice may commence an action therefor within one year after discovery thereof as hereinabove provided, but in no event may the action be commenced more than 10 years from the last act of the defendant giving rise to the cause of action.

*Id.* (emphasis added).

Concluding that the attorney had a continuing duty to correct the will up until the testator died, the Court of Appeals held that the attorney's last act giving rise to the claim, from which the four-year statute of repose began to run, occurred immediately before the testator's death, which was within four years of the filing of the complaint; therefore, the statute of repose was not a bar to plaintiffs' claim. We

hold that under the circumstances alleged in the complaint there was no continuing duty on the part of the attorney to correct the will; therefore, the attorney's last act giving rise to the claim was his supervision of the will's execution. Since this was more than four years preceding the filing of the complaint, we hold the four-year statute of repose bars the claim. Thus, we reverse.

Since the question is presented on a Rule 12(b)(6) motion to dismiss, we decide the case on the basis of the factual allegations in the complaint, taking them as true. *Jackson v. Bumgardner*, 318 N.C. 172, 347 S.E.2d 743 (1986); *Presnell v. Pell*, 298 N.C. 715, 260 S.E.2d 611 (1979). Defendant's answer denies that he prepared the will or supervised its execution. The parties have stipulated that for purposes of deciding whether the claim is barred by the professional malpractice statute of limitations, we may treat the will "as having been prepared by the Defendant on or before September 1, 1978."

A statute of limitations or repose defense may be raised by way of a motion to dismiss if it appears on the face of the complaint that such a statute bars the claim. *Oates v. JAG, Inc.*, 314 N.C. 276, 333 S.E.2d 222 (1985); *F.D.I.C. v. Loft Apartments*, 39 N.C. App. 473, 250 S.E.2d 693, *disc. rev. denied*, 297 N.C. 176, 254 S.E.2d 39 (1979); *Travis v. McLaughlin*, 29 N.C. App. 389, 224 S.E.2d 243, *disc. rev. denied*, 290 N.C. 555, 226 S.E.2d 513 (1976); *Teague v. Asheboro Motor Co.*, 14 N.C. App. 736, 189 S.E.2d 671 (1972).

The complaint's factual allegations are these: "[I]n or about 1978 Vann W. Hargett, father of plaintiffs, contracted with Defendant Holland to prepare a Last Will and Testament for Vann W. Hargett which would provide upon his death a life estate in the family farm consisting of 79.65 acres to his then wife, Elizabeth H. Hargett, with remainder over to Plaintiffs herein, his children from his first marriage." Defendant prepared the will, which was executed by Vann W. Hargett and witnessed by defendant on 1 September 1978. Sometime after executing the will, Vann W. Hargett advised plaintiffs that he had provided in his will for a life estate in the family farm to Elizabeth H. Hargett with remainder to plaintiffs. Vann W. Hargett died on 7 November 1988. On 21 November 1988 plaintiffs learned that Elizabeth H. Hargett claimed the will entitled her not only to a life estate in the farm but also to the remainder interest provided she survived the testator by more than six months. Thereafter on several occasions defendant assured plaintiffs that he had prepared the will in accord with the testator's instructions that Elizabeth H. Hargett

would have a life estate in the farm and plaintiffs the remainder. Later litigation over the interpretation of Vann W. Hargett's will resulted in an unpublished Court of Appeals decision that Elizabeth H. Hargett took a life estate in the farm and the remainder interest was to be shared by plaintiffs and two children of Elizabeth H. Hargett by a former marriage.

Plaintiffs then filed this action on 6 November 1991 alleging that defendant negligently drafted Vann H. Hargett's will by "failing to use the appropriate verbiage so as to effectuate the intent of the testator." Plaintiffs claim they were damaged to the extent they did not receive all of the remainder interest in the family farm.

Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim was allowed by Judge Helms on the ground that "the applicable statute of limitations expired prior to commencement of this action . . . ." The Court of Appeals concluded that plaintiff's cause of action did not accrue under the professional malpractice statute of limitations until the testator's death; therefore it was not barred by the three-year limitations provision. It also concluded that defendant's last act giving rise to the claim did not occur until immediately before the testator's death; therefore the claim was not barred by the four-year statute of repose provision. The Court of Appeals reversed the trial court's allowance of the motion to dismiss and remanded for further proceedings.

We conclude defendant's last act giving rise to the claim occurred when he supervised the execution of the will on 1 September 1978; therefore plaintiffs' claim, being brought more than four years after that date, is barred by the four-year statute of repose provision contained in the professional malpractice statute of limitations.

Unlike statutes of limitations, which run from the time a cause of action accrues, "[s]tatutes of repose . . . create time limitations which are not measured from the date of injury. These time limitations often run from defendant's last act giving rise to the claim or from substantial completion of some service rendered by defendant." *Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C. 230, 234 n.3, 328 S.E.2d 274, 276-77 n.3 (1985). A statute of repose creates an additional element of the claim itself which must be satisfied in order for the claim to be maintained. *Bolick v. Amercian Barmag Corp.*, 306 N.C. 364, 293 S.E.2d 415 (1982).

Unlike a limitation provision which merely makes a claim unenforceable, a condition precedent establishes a time period in which suit must be brought in order for a cause of action to be recognized. If the action is not brought within the specified period, the plaintiff "literally has *no* cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress." *Rosenberg v. Town of North Bergen*, 61 N.J. 190, 199, 293 A.2d 662, 667 (1972).

*Boudreau v. Baughman*, 322 N.C. 331, 340-41, 368 S.E.2d 849, 857 (1988) (emphasis original). In *Black v. Littlejohn*, 312 N.C. 626, 325 S.E.2d 469 (1985), this Court held:

[T]he period contained in the statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether an injury has resulted. . . . Thus, the repose serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue, which is generally recognized as the point in time when the elements necessary for a legal wrong coalesce.

*Id.* at 633, 325 S.E.2d at 474-75 (citations omitted).

Regardless of when plaintiffs' claim might have accrued, or when plaintiffs might have discovered their injury, because of the four-year statute of repose, their claim is not maintainable unless it was brought within four years of the last act of defendant giving rise to the claim. *Flippen v. Jarrell*, 301 N.C. 108, 112, 270 S.E.2d 482, 485 (1980), *reh'g denied*, 301 N.C. 727, 274 S.E.2d 228 (1981); *Trustees of Rowan Tech.*, 313 N.C. 230, 328 S.E.2d 274.

The Court of Appeals held that defendant's last act occurred immediately before testator's death, the last act being defendant's failure to fulfill a continuing duty to prepare a will properly reflecting the testator's testamentary intent.

Under the circumstances here we conclude defendant had no such continuing duty. We hold that under the arrangement alleged in the complaint, which was a contract to prepare a will after which defendant was an attesting witness to the will, defendant's duty was simply to prepare and supervise the execution of the will. This arrangement did not impose on defendant a continuing duty thereafter to review or correct the will or to prepare another will. Absent allegations of an ongoing attorney-client relationship between testator and defendant with regard to the will from which such a continu-

ing duty might arise, or allegations of facts from which such a relationship may be inferred, the allegations which are contained in the complaint are insufficient to place any continuing duty on defendant to review or correct the prepared will, or to draft another will.

The concept of a continuing professional duty has arisen in the context of medical malpractice claims where there was a continuous course of treatment of the patient by the physician. *Ballenger v. Crowell*, 38 N.C. App. 50, 247 S.E.2d 287 (1978).

> [W]here the injurious consequences arise from a continuing course of negligent treatment . . . the statute does not ordinarily begin to run until the injurious treatment is terminated. . . . The malpractice in such cases is regarded as a continuing tort because of the persistence of the physician or surgeon in continuing and repeating the wrongful treatment.

*Id.* at 58, 247 S.E.2d at 293 (quoting *Tortorello v. Reinfeld*, 6 N.J. 58, 77 A.2d 240 (1950)) (citations omitted). Even in the medical malpractice context, absent a continuing course of treatment provided by the physician, the physician's last act occurs when he completes the treatment for which he was engaged. *Mathis v. May*, 86 N.C. App. 436, 358 S.E.2d 94 (act for which defendant was hired, diagnosis of a breast mass, was completed upon rendering of a negative diagnosis), *disc. rev. denied*, 320 N.C. 794, 361 S.E.2d 78 (1987). *See also Harvey v. Ritchey*, 582 N.E.2d 792 (Ind. 1991) (for claim of medical malpractice based on a failure to diagnose, omission cannot extend beyond time physician last rendered a diagnosis).

Just as a physician's duty to the patient is determined by the particular medical undertaking for which he was engaged, an attorney's duty to a client is likewise determined by the nature of the services he agreed to perform. An attorney who is employed to draft a will and supervise its execution and who has no further contractual relationship with the testator with regard to the will has no continuing duty to the testator regarding the will after the will has been executed. Here plaintiffs' complaint alleges a contractual relationship between defendant and testator to draft a will and that defendant supervised execution of the will. After defendant completed these acts, he had performed his professional obligations; and his professional duty to testator was at an end.

This conclusion is supported by our decision in *Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C. 230, 328 S.E.2d 274. In

*Rowan*, the Court held that N.C.G.S. § 1-15(c) did not apply to architects and engineers because such claims were governed by N.C.G.S. § 1-50, a statute dealing with claims against persons who design and supervise construction of buildings. However, the Court noted that were § 1-15(c) to apply, the plaintiff's claim, which was brought on 26 April 1982, would have been barred by the four-year statute of repose running from the defendant's last act giving rise to the claim. There the last act of the defendant was on 1 October 1976, the date the defendant certified the general contractor had completed construction. *Id.* at 234, 328 S.E.2d at 277. No continuing duty to inspect or repair the completed construction was imputed to the defendant.

Both the Court of Appeals and plaintiffs mistakenly rely on *Sunbow Industries, Inc. v. London*, 58 N.C. App. 751, 294 S.E.2d 409 (1982), *disc. rev. denied*, 307 N.C. 272, 299 S.E.2d 219 (1982). In *Sunbow* plaintiff sued defendant attorney for professional malpractice arising out of defendant's failure to perfect plaintiff's security interest in certain collateral by failing to file a financing statement prior to a petition for bankruptcy filed by the debtor, DBE, Inc. Plaintiff had retained defendant to represent it in the sale of certain assets to DBE on 27 May 1976, at which time plaintiff entered into a security agreement with DBE. Because defendant did not perfect plaintiff's security interest before DBE's petition for bankruptcy on 25 September 1978, the plaintiff was subordinated as a creditor. Plaintiff's lawsuit was filed more than three years after the date of closing of the sale but less than three years after the filing of the bankruptcy petition. The Court of Appeals held the three-year statute of limitations did not begin to run until the filing of DBE's petition for bankruptcy, before which, the court concluded, plaintiff had not been harmed. *Id.* at 753, 294 S.E.2d at 410.

*Sunbow* is distinguishable. First, *Sunbow* involved the three-year statute of limitations provision in the professional malpractice limitations statute, rather than the statute of repose provision. More pertinently, defendant in *Sun*bow was retained for the purpose of representing the plaintiff during the closing and for perfecting plaintiff's security interest in the assets. Therefore, it was reasonable to conclude defendant had a continuing duty to file the financing statement up until the time of the bankruptcy petition, and that his failure to do so immediately prior to that time was defendant's last act giving rise to plaintiff's claim.

In *Sunbow* as here it was the contractual arrangement between attorney and client that determined the extent of the attorney's duty to the client and the end of the attorney's professional obligation. Because of the contractual arrangement between testator and defendant here, defendant's professional obligations concluded with his preparation of the will and the supervision of its execution, the latter act becoming his last act giving rise to the claim.

For the foregoing reasons, the decision of the Court of Appeals is reversed.

REVERSED.