FRANCIS J. McGAHREN AND WIFE, JOHANNA F. McGAHREN v. GEORGE W. SAENGER

No. 9428SC537

(Filed 2 May 1995)

## 1. Limitations, Repose, and Laches § 26 (NCI4th)— legal malpractice claims—applicability of statute of limitations

Plaintiffs' legal malpractice claim filed in 1992 and arising out of defendant attorney's alleged negligence in failing to procure the transfer of a lot in 1985 was barred by the statute of limitations; however, their cause of action filed in 1992 and arising out of defendant's alleged negligence in procuring a deed to the lot in

McGAHREN v. SAENGER

[118 N.C. App. 649 (1995)]

1990 after plaintiffs' business partners had filed for bankruptcy was not barred by the statute of limitations. N.C.G.S. § 1-15(c).

**Am Jur 2d, Attorneys at Law §§ 219-221.**

**What statute of limitations governs damage action against attorney for malpractice. 2 ALR4th 284.**

2. **Fraud, Deceit, and Misrepresentation § 38 (NCI4th)— insufficiency of evidence of deception**

Summary judgment was properly entered for defendant on plaintiffs' claim for fraud based on a letter written by defendant with regard to plaintiffs' lot, which was originally omitted from a deed drawn by defendant, since plaintiffs' own affidavit showed that plaintiffs were not deceived by defendant's letter, even if it did contain false statements intended to deceive.

**Am Jur 2d, Fraud and Deceit §§ 481 et seq.**

Appeal by plaintiffs from judgment entered 10 February 1994 by Judge C. Walter Allen in Buncombe County Superior Court. Heard in the Court of Appeals 27 January 1995.

*Law Offices of Matthew F. McGahren, by Matthew F. McGahren, for plaintiffs-appellants.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Roy W. Davis, Jr. and Michelle Rippon, for defendant-appellee.*

LEWIS, Judge.

Plaintiffs commenced this action *pro se* to recover damages for alleged legal malpractice and fraud. The trial court granted defendant's motion for summary judgment on the ground that the action was barred by the statute of limitations, N.C.G.S. § 1-15(c) (1983). From the entry of summary judgment, plaintiffs appeal.

The facts, when viewed in the light most favorable to plaintiffs, show that in May 1984 plaintiff Francis McGahren (hereinafter "McGahren") and C. Walter Weiss formed W & M Investment Company, a partnership, to develop commercial real estate. Defendant was hired to perform various legal services for the partnership. In 1985 the partnership dissolved, and the partners instructed defendant to prepare a deed transferring title to all the property in a subdivision known as Ridgedale from the partnership to

McGahren. Defendant prepared the deed but failed to include Lot 3. McGahren recorded the deed on 25 June 1985. As of that time, Lot 3 remained subject to a deed of trust, which was guaranteed by plaintiffs and Mr. and Mrs. Weiss.

On 1 July 1987, the Weisses filed a Chapter 7 bankruptcy petition. Plaintiffs did not learn about the omission of Lot 3 from the deed until 1989, after they entered into a contract to sell the lot to Barbara and Royce Sluder. The Sluder's attorney, James Baley, performed a title search in December 1989 and informed McGahren that title to the land was still in the name of W & M Investment Company. On 3 January 1990, McGahren called defendant and informed him of the problem with the deed. Defendant told McGahren that he did not know anything about Lot 3 or the partnership's intentions with respect to the lot. McGahren also called the bankruptcy trustee to inform her of the problem. The trustee told McGahren that she would have to be paid from the proceeds of the sale of the property. On 12 January, McGahren wrote defendant, demanding that defendant correct the problem with the title.

The contract with the Sluders expired on 9 January and no action was taken to extend it. In mid January, McGahren asked Baley, the Sluder's attorney, to represent him in clearing up the problem with the title. In February, Baley informed McGahren that defendant had obtained a deed to Lot 3 from Weiss, McGahren's former partner, and that defendant wanted McGahren to release defendant from liability in exchange for the deed. Baley instructed McGahren to come to his office to sign the release and to pick up the deed, and Baley informed McGahren that the bankruptcy trustee would, according to McGahren, "clear the problem with the Bankruptcy court after [McGahren] had gotten the deed." Baley also told McGahren about a mutual release with the Sluders that reflected the expiration of the sale contract.

Plaintiffs went to Baley's office on 2 March to pick up the deed and to sign the releases. Baley told plaintiffs that the deed was not yet available, but that they should sign and postdate the release of defendant and that Baley would hold the release until defendant delivered the deed. Plaintiffs also signed a release with the Sluders. On 23 March, McGahren picked up the deed from Baley's office. McGahren then delivered a copy of the deed to the bankruptcy trustee's office. On 30 March, McGahren recorded the deed with the Buncombe County Register of Deeds.

In March 1991, plaintiff became aware that the 1990 deed to Lot 3 conveyed no interest in the property because of the Weiss's bankruptcy. On 28 August 1991, McGahren wrote the bankruptcy trustee and informed her that he was turning over the property to her. On 30 August, defendant, who had received a copy of that letter, wrote McGahren, informing him that Lot 3 was McGahren's property and that the trustee agreed. From the date McGahren turned over the property to the trustee, McGahren ceased making mortgage payments on the property. The debt subsequently went into default.

On 18 March 1992, the property was abandoned by the bankruptcy trustee. Thereafter, First Citizens Bank reported the default to the Asheville Credit Bureau. McGahren contends that, as a result, he was unable to secure a credit line essential to his new business, and he suffered substantial losses. Plaintiffs filed suit against defendant in August 1992.

I.

[1] Plaintiffs contend on appeal that the statute of limitations does not bar their action against defendant and that the trial court therefore erred in granting summary judgment for defendant. N.C.G.S. § 1-15(c), which establishes a four-year statute of repose and a three-year statute of limitations, provides in pertinent part:

Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, economic or monetary loss, or a defect in or damage to property which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action . . . .

N.C.G.S. § 1-15(c) (1983); *Sharp v. Teague*, 113 N.C. App. 589, 593, 439 S.E.2d 792, 794 (1994), *disc. review improvidently allowed,* 339 N.C. 730, 456 S.E.2d 771 (1995). This statute creates a statute of limitations and a statute of repose, both of which accrue on the date of the "last act of the defendant giving rise to the cause of action." *Id.* at 593, 439 S.E.2d at 795.

In this case, plaintiffs had two distinct causes of action against defendant, one arising out of defendant's alleged negligence in failing to procure the transfer of Lot 3 in 1985, and the other arising out of defendant's alleged negligence in procuring a deed to Lot 3 in 1990 after the Weisses had filed for bankruptcy. We find that while the first cause of action is barred by section 1-15(c), the second is not.

In 1985, McGahren and his partner, Weiss, contracted with defendant to prepare a deed transferring title to various pieces of real property, including Lot 3, from the partnership to McGahren. Defendant failed to include Lot 3 in the deed to McGahren. Defendant's last act giving rise to the cause of action was his delivery of the 1985 deed to McGahren, which we note necessarily occurred at some time prior to 25 June 1985, the date McGahren recorded the deed. *See Hargett v. Holland*, 337 N.C. 651, 654, 447 S.E.2d 784, 787 (1994) (defendant attorney's last act giving rise to cause of action occurred when he supervised execution of will he had negligently drafted). At that time, McGahren had at least constructive knowledge of all the essential elements of a complete malpractice cause of action. *See Thorpe v. DeMent*, 69 N.C. App. 355, 362, 317 S.E.2d 692, 697, *aff'd per curiam*, 312 N.C. 488, 322 S.E.2d 777 (1984). Because plaintiffs did not institute their action within three years of defendant's 1985 negligence, that cause of action is barred by the statute of limitations.

However, in 1990 defendant allegedly committed a separate act of negligence in procuring for McGahren a deed to Lot 3 from the Weisses, who had filed for bankruptcy. Plaintiffs' complaint, filed in 1992, was clearly filed within three years of defendant's negligent act. Thus, the trial court erred in ruling that plaintiffs' claim was barred by the statute of limitations. Likewise, plaintiffs' claim for wanton negligence, which is based on the 1990 negligence of defendant, was not barred by the statute of limitations.

## II.

[2] We do find, however, that summary judgment for defendant was proper as to plaintiffs' remaining claims, labeled "misrepresentation/fraud" and "intentional misrepresentation." Regarding these claims, plaintiffs' complaint refers to a letter from defendant containing allegedly false statements. Aside from these specific allegations regarding the letter, plaintiffs' remaining allegations merely restate the grounds for the legal malpractice cause of action. As such, these latter allegations do not support a cause of action for fraud. *Sharp*, 113 N.C. App. at 597, 439 S.E.2d at 797. The statements plaintiffs allege were fraudulently made are found in a letter from defendant to McGahren, dated 30 August 1991, wherein defendant stated that the bankruptcy trustee agreed with McGahren that the property was his, that the bankruptcy court made no claim to the property, and that the property was McGahren's.

The elements of fraud are: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974). In this case, plaintiffs, themselves, have shown that the fourth element is lacking. In his affidavit, McGahren states that as of March 1991 he knew that the 1990 deed was of no value, and that when he received defendant's 30 August 1991 letter, he knew that defendant's statements in the letter about the trustee's intentions regarding the property were "completely false." It is clear, then, that defendant's statements in the letter did not deceive McGahren. Thus, the fourth element of fraud was non-existent. Accordingly, summary judgment for defendants on the misrepresentation claims was proper.

For the reasons stated, the judgment of the trial court is affirmed as to the misrepresentation claims and the 1985 negligence claim, and reversed as to the negligence claims arising from the 1990 deed.

Affirmed in part; reversed in part and remanded.

Judges WYNN and McGEE concur.