BRENDA M. JORDAN AND BECKY M. WITHERS, HEIRS OF SARAH LEE MOORE, PLAINTIFFS v. W. LUNSFORD CREW, DEFENDANT

No. COA96-169

(Filed 1 April 1997)

**1. Appeal and Error § 418 (NCI4th)— attorney malpractice— drafting of deeds—statute of limitations—affidavit not renewal of original negligence**

In a malpractice action against an attorney who drafted deeds for plaintiffs' grandfather, plaintiffs' argument that defendant's filing of an allegedly false affidavit, almost fourteen years after drafting the deed, renewed and revived defendant's liability for his original negligence was deemed abandoned where plaintiffs cited no authority to support this argument.

**Am Jur 2d, Appellate Review § 554.**

**2. Limitations, Repose, and Laches § 26 (NCI4th)— attorney—negligent drafting of deed—failure to show continuing relationship—statutes of limitation and repose**

The three-year statute of limitations and four-year statute of repose barred plaintiffs' cause of action against defendant attorney for negligently drafting deeds for plaintiffs' grandfather where plaintiffs failed to show a continuing relationship between defendant and plaintiffs' grandfather and defendant drafted and delivered the deeds over fourteen years prior to plaintiffs' filing a claim. N.C.G.S. § 1-5(c).

**Am Jur 2d, Attorneys at Law § 221.**

When statute of limitations begins to run upon action against attorney for malpractice. 32 ALR4th 260.

3. **Registration and Probate § 83 (NCI4th)— minor errors in deeds—attorney's failure to correct—no continuing duty— no breach of duties**

Assuming arguendo N.C.G.S. § 47-36.1, which allows for the correction of obvious typographical or other minor errors in deeds, was applicable in this malpractice case, there was no merit to plaintiffs' arguments that (1) the statute created a continuing duty on the part of the drafting attorney to make corrections and (2) defendant attorney's failure to correct the errors pursuant to the statute constituted a breach of his duties.

**Am Jur 2d, Attorneys at Law § 221; Negligence § 921.**

**When statute of limitations begins to run upon action against attorney for malpractice. 32 ALR4th 260.**

4. **Estoppel § 20 (NCI4th)— legal malpractice—mistakes in deeds—absence of detrimental reliance—equitable estoppel not applicable**

In an action for legal malpractice against defendant attorney who drafted the deeds for plaintiffs' grandfather, equitable estoppel did not bar defendant from asserting statutes of limitations and repose as defenses where plaintiffs did not allege that misrepresentations by defendant prevented plaintiffs from timely filing an action against defendant.

**Am Jur 2d, Estoppel and Waiver §§ 33, 76, 164.**

**Plaintiff's diligence as affecting his right to have defendant estopped from pleading the statute of limitations. 44 ALR3d 760.**

**Fiduciary or confidential relationship as affecting estoppel to plead statute of limitations. 45 ALR3d 630.**

5. **Fraud, Deceit and Misrepresentation § 28 (NCI4th)— plaintiffs not deceived by misrepresentation—no fraud or constructive fraud**

The trial court properly dismissed plaintiffs' claims for fraud and constructive fraud against the attorney who drafted deeds for plaintiffs' grandfather based on the attorney's refusal to correct mistakes in the deeds and his submission of an allegedly

false affidavit concerning the grantor's intention where the complaint showed that plaintiffs were not deceived by the attorney's failure to correct the errors or by the filing of his affidavit.

**Am Jur 2d, Estoppel and Waiver § 76.**

Appeal by plaintiffs from order entered 29 November 1995 by Judge Louis B. Meyer in Wake County Superior Court. Heard in the Court of Appeals 22 October 1996.

Plaintiffs brought this action alleging defendant W. Lunsford Crew, an attorney, negligently drafted two deeds conveying certain properties, known respectively as "the homeplace" and "the rental property," from plaintiffs' grandfather to plaintiffs' aunt and mother on 16 September 1980. Plaintiffs' grandfather, still living at the time this action was filed, retained a life estate in both properties. Plaintiffs alleged the defendant "negligently and carelessly" switched the lot numbers for the properties in the deeds so that the lot numbers and the descriptions of the two properties in the deeds did not match. Based on this discrepancy, in February 1992, plaintiffs' aunt claimed ownership of the property known as the homeplace, which plaintiffs alleged had been deeded to their mother, now deceased. Plaintiffs alleged they contacted defendant by phone and letter in February and September 1992, asking him to "correct his errors and clear the cloud from Plaintiffs' title." However, defendant "refuse[d] and reject[ed] at least four formal requests that he acknowledge his errors and act to correct them."

Early in 1994, plaintiffs filed an action against their aunt seeking to quiet title to the property. Defendant filed an affidavit in that case testifying to plaintiffs' grandfather's capacity and competency to execute legal documents. The affidavit also contained the following statement:

It has come to the attention of the affiant that a discrepancy has arisen concerning the reversal of the house numbers on the deeds prepared for Tommie Williams [plaintiffs' grandfather] conveying real property to his daughters. The affiant was not requested to search the title to the two lots but merely drafted the deeds using the descriptions and information supplied him by Tommie Williams. The conveyance of property, as stated in the two deeds, carry [sic] out the expressed intent of the Grantor as requested of the affiant.

After plaintiffs' grandfather stated it was his intent for plaintiffs' mother to receive the homeplace, plaintiffs' aunt eventually withdrew her claim to the property.

Plaintiffs filed a complaint 8 February 1995 alleging negligence and breach of contract and negligent performance of contract, with plaintiffs as the intended third-party beneficiaries of the contract. Plaintiffs also sought punitive damages, alleging defendant "deliberately and intentionally gave aid to [plaintiffs' aunt] in her attempt to defeat Plaintiffs' efforts to remove the cloud on title caused by him," and defendant "willfully, intentionally and maliciously refused to act under the provisions of N.C. Gen. Stat. § 47-36.1 to correct the errors in a recorded instrument which was prepared by him." Plaintiffs further sought double damages pursuant to N.C. Gen. Stat. § 84-13, alleging defendant's actions constituted a fraudulent practice and constructive fraud.

Defendant filed a motion 6 March 1995 to dismiss the action on the grounds plaintiffs' complaint failed to state a cause of action. After a 9 November 1995 hearing, the trial court entered an order 29 November 1995 granting defendant's motion to dismiss, holding plaintiffs' action was barred by N.C. Gen. Stat. § 1-15(c), and that the complaint failed to state a claim for which relief could be granted. From this order, plaintiffs appeal.

*Jordan, Price, Wall, Gray & Jones, L.L.P., by Paul T. Flick and Laura J. Wetsch, for plaintiff-appellants.*

*Baker, Jenkins, Jones & Daly, P.A., by Ronald G. Baker and Roger A. Askew, for defendant-appellee.*

McGEE, Judge.

Plaintiffs argue the trial court erred in dismissing their action based on the applicable statute of limitations and repose because defendant's "failure to correct the deed constituted a 'last act' " from which the statutory period began to run. Plaintiffs also argue the complaint sufficiently stated a cause of action against defendant for a separate claim "based upon his culpability with respect to the false affidavit itself." We find no merit to these arguments and affirm.

[1] Plaintiffs first contend defendant's "refus[al] to correct his prior error" and "utterance and delivery of his false affidavit . . . renewed and revived his liability for his prior negligence." However, plaintiffs

have cited no authority which supports their argument that defendant's filing of an allegedly false affidavit, almost fourteen years after drafting the deeds, renewed and revived defendant's liability for his original negligence, and this argument is deemed abandoned. N.C.R. App. P. 28(b)(5).

[2] We also disagree with plaintiffs' argument that defendant's refusal to correct the errors bars application of the statutes of limitations and repose. N.C. Gen. Stat. § 1-15(c), the applicable statute of limitations and repose for actions involving professional malpractice, states, in pertinent part:

> [A] cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: . . . Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action. . . .

Since plaintiffs filed this action in 1995, clearly outside the respective three-year and four-year statutes of limitation and repose, the determinative issue on appeal is whether defendant's last act, for purposes of the statute, was the drafting of the deeds in 1980 or his alleged failure and refusal to correct the error in 1992.

This issue has already been decided by this Court in *McGahren v. Saenger*, 118 N.C. App. 649, 456 S.E.2d 852, *disc. review denied and appeal dismissed*, 340 N.C. 568, 460 S.E.2d 318 (1995). In *McGahren*, an action against an attorney for the negligent drafting of a deed, this Court held that the attorney's last act giving rise to the cause of action was the attorney's delivery of the negligently drafted deed to the plaintiffs. *McGahren*, 118 N.C. App. at 653, 456 S.E.2d at 854. However, plaintiffs contend *McGahren* is distinguishable because plaintiffs' complaint "specifically alleges a *continuing relationship* between [defendant] and the grantor," and therefore, defendant's failure to correct his error constituted a last act from which the statute of repose began to run. We find nothing in plaintiffs' complaint which distinguishes their cause of action from the plaintiffs in *McGahren*.

In *Hargett v. Holland*, 337 N.C. 651, 447 S.E.2d 784 (1994), our Supreme Court held an attorney's duty to a client is determined by the nature of the services the attorney agreed to perform. *Hargett*, 337 N.C. at 656, 447 S.E.2d at 788. In that case, the Court determined

an action filed against an attorney for the negligent drafting of a will more than four years after the will was drafted was barred by the applicable statute of repose. *Id.* at 654, 447 S.E.2d at 787. Overruling the prior decision of this Court, which had held defendant's last act was his "failure to fulfill a continuing duty to prepare a will properly reflecting the testator's testamentary intent" and that plaintiff's cause of action did not accrue until the testator's death, the Supreme Court held:

> Under the circumstances here we conclude defendant had no such continuing duty. We hold that under the arrangement alleged in the complaint, which was a contract to prepare a will after which defendant was an attesting witness to the will, defendant's duty was simply to prepare and supervise the execution of the will. This arrangement did not impose on defendant a continuing duty thereafter to review or correct the will or to prepare another will. Absent allegations of an ongoing attorney-client relationship between testator and defendant *with regard to the will* from which such a continuing duty might arise, or allegations of facts from which such a relationship may be inferred, the allegations which are contained in the complaint are insufficient to place any continuing duty on defendant to review or correct the prepared will, or to draft another will.

*Hargett,* 337 N.C. at 655-56, 447 S.E.2d at 788 (emphasis added). Therefore, absent a continuing duty imposed by the contractual relationship or the nature of the services, the attorney has no continuing duty or relationship to the client. We find nothing in the complaint suggesting an on-going attorney-client relationship between defendant and the grantor with regard to the deeds.

The complaint alleges plaintiffs' grandfather "contracted with Defendant Crew, as his attorney, *to prepare* two deeds conveying the two lots . . . to his two daughters." (emphasis added). The complaint further alleges "[plaintiffs' grandfather] and defendant Crew entered into a valid and enforceable contract for the performance of professional services, namely the *preparation* of the deeds referred to hereinabove." (emphasis added). Therefore, the complaint only alleges a contract for the preparation of two deeds. "After defendant had completed these acts, he had performed his professional obligations; and his professional duty to [the grantor] was at an end." *Hargett,* 337 N.C. at 656, 447 S.E.2d at 788. Although the complaint also later alleges that "Defendant Crew had a continuing duty to properly perform the Contract pursuant to the directions and instructions given

him . . .," this allegation does not change the nature of the duty owed by defendant. In ruling on a motion under N.C.R. Civ. P. 12(b)(6), a court will not accept mere conclusory allegations on the legal effect of the events a plaintiff has set out if those allegations do not reasonably follow from the plaintiff's description of what happened. *Beasley v. National Savings Life Ins. Co.*, 75 N.C. App. 104, 106, 330 S.E.2d 207, 208 (1985), *disc. review dismissed as improvidently allowed*, 316 N.C. 372, 341 S.E.2d 338 (1986). Here, a "continuing duty to properly perform the Contract" does not reasonably follow from a contract only for the preparation of two deeds.

Nor does plaintiffs' allegation that defendant "had a close personal and professional relationship with [plaintiffs' grandfather] and his family, knew of their desires and plans for distribution of their estates and assisted in the planning and implementation of such" give rise to a continuing duty with regard to the preparation of the deeds. We first note this allegation does not allege the relationship continued past the preparation of the deeds. However, even assuming the "close personal and professional relationship" continued after defendant prepared the deeds, the complaint does not allege the deeds were prepared as part of an on-going estate plan, and this particular allegation does little more than allege a general attorney-client relationship.

In discussing a continuing relationship for professional services in the context of a medical malpractice action under the "continued course of treatment" doctrine, this Court has said the doctrine applies "if the physician continued to treat the patient *for the particular disease or condition created by the original act of negligence.*" *Stallings v. Gunter*, 99 N.C. App. 710, 714-15, 394 S.E.2d 212, 215 (emphasis added), *disc. review denied*, 327 N.C. 638, 399 S.E.2d 125 (1990). "Mere continuity of the general physician-patient relationship is insufficient to permit one to take advantage of the continuing course of treatment doctrine. Subsequent treatment . . . 'must be related to the original act, omission, or failure which gave rise to the cause of action.' " *Id.* at 715, 394 S.E.2d at 216 (citations omitted). In the context of an attorney's continuing duty, our Supreme Court has said:

> Just as a physician's duty to the patient is determined by the particular medical undertaking for which he was engaged, an attorney's duty to a client is likewise determined by the nature of the services he agreed to perform. An attorney who is employed to draft a will and supervise its execution *and who has no further*

*contractual relationship with the testator with regard to the will* has no continuing duty to the testator regarding the will after the will has been executed.

*Hargett*, 337 N.C. at 656, 447 S.E.2d at 788 (emphasis added). Because plaintiffs have not alleged a continuing professional relationship directly related to the drafting of the two deeds, they have failed to show a continuing relationship between defendant and plaintiffs' grandfather. Therefore, defendant's last act for purposes of the statute of repose was the drafting and delivery of the deeds in 1980. As such, plaintiffs' cause of action for the negligent drafting of the deeds is barred by the statutes of limitations and repose contained in G.S. 1-15(c).

[3] Plaintiffs also argue N.C. Gen. Stat. § 47-36.1, which allows for the correction of obvious typographical or other minor errors in deeds, creates a continuing duty on the part of the drafting attorney to make corrections. However, the statute reads that errors "may be corrected," not "shall be corrected." Even assuming, *arguendo*, the error in this case could be considered a typographical or other minor error, we refuse to construe a statute which *allows* correction of errors as *requiring* corrections, especially where such a construction would create a new independent statutory duty. *See Preston v. Thompson*, 53 N.C. App. 290, 292, 280 S.E.2d 780, 783 (when giving a statute its plain meaning, the courts may not interpolate or superimpose provisions not contained within the statute), *disc. review denied and appeal dismissed*, 304 N.C. 392, 285 S.E.2d 833 (1981). As stated above, defendant's legal duty to the grantor ended upon the drafting and delivery of the deeds. Further, if we were to accept plaintiffs' argument, the statute would forever stay the applicable statutes of limitations and repose for actions involving errors in deeds or other instruments filed with the register of deeds, thereby rendering the statutes of limitations and repose without effect. *See Hunt v. Reinsurance Facility*, 302 N.C. 274, 288, 275 S.E.2d 399, 405 (1981) (interpretations that would create a conflict between two or more statutes are to be avoided). Therefore, we find no merit to plaintiffs allegations that G.S. 47-36.1 creates a continuing duty to correct errors and that defendant's failure to correct the errors under the statute constituted a "breach of fiduciary duty" and a "breach of his duty to the public."

[4] Plaintiffs next argue defendant is equitably estopped from asserting the statutes of limitations and repose as a defense. We also find

no merit to this argument. Equitable estoppel arises when a party has been induced by another's acts to believe that certain facts exist, and that party "rightfully relies and acts upon that belief to his detriment." *Thompson v. Soles*, 299 N.C. 484, 487, 263 S.E.2d 599, 602 (1980). In order for equitable estoppel to bar application of the statute of limitations, a plaintiff must have been induced to delay filing of the action by the misrepresentations of the defendant. *See Duke University v. Stainback*, 320 N.C. 337, 341, 357 S.E.2d 690, 693 (1987). Plaintiffs have not alleged any reliance upon a misrepresentation by defendant which prevented them from timely filing this action. Therefore, equitable estoppel is not available to plaintiffs.

**[5]** Lastly, plaintiffs argue the trial court erred in dismissing their complaint because it stated a cause of action based on defendant's "affirmative actions in preparing and submitting a false affidavit" which "[gave] rise to a cause of action independent of his initial negligence." Plaintiffs' complaint alleges defendant's actions by submitting the affidavit, refusing to correct the errors, "and his various other failures, refusals and deliberate actions hereinbefore alleged constitute fraudulent practice and constructive fraud under the provisions of N.C. Gen. Stat. § 84-13." However, plaintiffs have failed to state a cause of action for either fraud or constructive fraud.

"The elements of fraud are: '(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party.' " *McGahren*, 118 N.C. App. at 654, 456 S.E.2d at 855 (quoting *Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E.2d 494 (1974)). Constructive fraud differs from actual fraud in that the intent to deceive is not an essential element. *Moore v. Trust Co.*, 30 N.C. App. 390, 392, 226 S.E.2d 833, 835 (1976). Here, the complaint itself shows plaintiffs were not deceived by defendant's failure to correct the errors or by filing his affidavit. Throughout, they believed they were entitled to the homeplace and were never convinced otherwise by any actions of the defendant. Since plaintiffs were never deceived by the misrepresentations of the defendant, an essential element of both fraud and constructive fraud is nonexistent in this case. Therefore, the trial court properly dismissed this cause of action.

We find no merit to plaintiffs' remaining assertions. For the reasons stated, the order of the trial court granting defendant's motion to dismiss is affirmed.

Affirmed.

Judges WYNN and JOHN concur.