ENOCHS, Judge, concurring in part and dissenting in part.
Although I agree with my colleagues that the trial court properly granted Defendants' motion for partial summary judgment on Plaintiff's fraudulent concealment claim, I respectfully dissent from the majority's position that the trial court erroneously granted partial summary judgment on Plaintiff's professional negligence claims concerning her 2006 and 2007 tax returns. Because I believe that Plaintiff's professional negligence claims were properly barred by the applicable statute of repose, I would affirm the trial court's grant of partial summary judgement on these claims as well.
Plaintiff contends that the trial court erred in granting summary judgement in favor of Defendants as to her professional negligence claims relating to her 2006 and 2007 tax returns. "In order to establish a claim of professional negligence, a plaintiff must show: '(1) the nature of the defendant's profession; (2) the defendant's duty to conform to a certain standard of conduct; and (3) a breach of the duty proximately caused injury to the plaintiffs.' " Michael v. Huffman Oil Co. , 190 N.C.App. 256, 271, 661 S.E.2d 1, 11 (2008) (emphasis omitted) (quoting Associated Indus. Contr'rs, Inc. v. Fleming Eng'g, Inc. , 162 N.C.App. 405, 413, 590 S.E.2d 866, 872 (2004) ).
However, in the present case, the issue of whether Plaintiff successfully established the elements of a professional negligence claim need not be reached as her professional negligence claims relating to her 2006 and 2007 tax returns are barred by the applicable statute of repose. N.C. Gen. Stat. § 1-15(c) (2015) states, in pertinent part, that "in no event shall *95 an action be commenced more than four years from the last act of the defendant giving rise to the cause of action[.]"
It is well established that
statutes of repose are intended to mitigate the risk of inherently uncertain and potentially limitless legal exposure. Accordingly, such a statute's limitation period is initiated by the defendant's last act or omission that at some later point gives rise to the plaintiff's cause of action. The time of the occurrence or discovery of the plaintiff's injury is not a factor in the operation of a statute of repose .
Christie v. Hartley Constr., Inc. , 367 N.C. 534, 539, 766 S.E.2d 283, 287 (2014) (internal citations and quotation marks omitted) (emphasis added).
Moreover,
[u]nlike the statute of limitations, the statute of repose serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue, which is generally recognized as the point in time when the elements necessary for a legal wrong coalesce.
In order to decide whether the statute of repose bars plaintiffs' claim we must determine when the last act of alleged negligence took place. To determine when the last act or omission occurred we look to factors such as the contractual relationship between the parties, when the contracted-for services were complete, and when the alleged mistakes could no longer be remedied.
Carle v. Wyrick, Robbins, Yates & Ponton, LLP , 225 N.C.App. 656, 661, 738 S.E.2d 766, 770-71 (2013) (internal citations, quotation marks, and footnote omitted).
Here, the unrebutted evidence reveals that the final act taken by Defendants in regard to Plaintiff's 2006 and 2007 tax returns occurred on 12 December 2008, when Defendants hand delivered Plaintiff her 2007 prepared returns. Plaintiff filed her complaint asserting professional negligence relating to the preparation of her 2006 and 2007 tax returns on 4 November 2013-nearly 11 months after the limitations period imposed *152 by N.C. Gen. Stat. § 1-15(c) had expired as to the 2007 returns, and well after the limitations period relating to her 2006 returns had run. *96 It is important to note that Defendants' preparation of Plaintiff's returns for each tax year were separate and distinct transactions for the purposes of the statute of repose. Indeed, this is evidenced by Michael Gillis' unrebutted deposition testimony:
Q. So by your testimony, then, for each year, the engagement of Gould Killian ended when they delivered a prepared return to Karen Head?
A. Delivered, mailed, she picked up, whatever process it was in which she received her returns, then it's her responsibility to sign and file at that point.
Moreover, the treatment of Plaintiff's professional negligence claims by the parties and the trial court below indicate that each prepared return was considered to be a separate and distinct transaction. This is made even more apparent by the fact that Plaintiff's professional negligence claims for tax years 2008 and 2009-which were brought within the four-year window for statute of repose purposes-were allowed by the trial court to advance to trial. Consequently, preparation of each of the tax returns for tax years 2006, 2007, 2008, and 2009 constitute four separate completed transactions for which the four-year statute of repose began to run at the time they were delivered-or were erroneously not delivered due to an omission by Defendants-to Plaintiff.
Plaintiff nevertheless contends on appeal, however, that Defendants' final act was not the delivery of the 2006 and 2007 tax returns to her-or Defendants' omission in delivering them to her-but rather was the failure on the part of Defendants to later cure any failure to file the returns by subsequently alerting Plaintiff that she needed to file them before the assessment of interest and penalties by the IRS. Significantly though, "[t]he issue, however, is not whether defendants continued to represent plaintiffs after the transaction.... The issue is when the last act alleged to have caused plaintiffs harm occurred." Carle , 225 N.C.App. at 664, 738 S.E.2d at 772.
This Court addressed a similar situation in Carle , where we analyzed what constituted a completed transaction triggering the start of the running of the statute of repose. In that case, the plaintiffs brought a professional negligence action against the law firm and attorney who created an employee stock ownership trust for them in 2004. Id. at 656-57, 738 S.E.2d at 768. The transaction was supposed to be structured so that the plaintiffs would be able to monetize their corporate stock while avoiding the capital gains taxes normally associated with doing so. Id. at 657, 738 S.E.2d at 768. However, the defendants improperly structured the *97 trust and the plaintiffs were later assessed with tax deficiencies by the IRS on the basis that the plaintiffs did, in fact, owe capital gains taxes. Id. at 657-58, 738 S.E.2d at 768.
Significantly, as in the present case, the defendants in Carle continued to work with the plaintiffs towards resolving issues with the transaction after its completion:
In August 2005, after the deal had closed, concerns were raised regarding the transaction ... which defendants then investigated at plaintiffs' request. Defendants later helped prepare for plaintiffs' 2007 IRS inquiry relating to the tax implications of this transaction. Thus, it is clear that although they considered these matter[s] separate and billed plaintiffs for each matter[ ] separately, defendants continued to represent plaintiffs well after 10 June 2005 and to assist plaintiffs with matters arising from the transaction, even without any subsequent engagement letter.
Id. at 663-64, 738 S.E.2d at 772.
The plaintiffs filed suit for, among other claims, professional negligence on 25 January 2010. Id. at 658, 738 S.E.2d at 769. The defendants moved for summary judgment asserting the statute of repose. Id. The trial court granted the defendants' motion and the plaintiffs appealed arguing that the statute of repose did not apply as "their cause of action did not accrue until the IRS proceedings were completed on or about 26 May 2010." Id. at 659, 738 S.E.2d at 769.
*153 On appeal, this Court affirmed the trial court's grant of summary judgment, holding that
[c]onsidering the evidence in the light most favorable to plaintiffs, the last act giving rise to plaintiffs' claim took place on 10 June 2005 because at that point defendants' role in the transaction was complete and nothing could have been done to remedy the alleged omissions. Plaintiffs commenced this action on 25 January 2010, more than four years after the last act of defendants giving rise to plaintiff's cause of action. Even if plaintiffs are correct that their action did not accrue until the IRS issued its final assessment, the action would still be barred by the statute of repose. If the action is not brought within the specified period, the plaintiff literally has no cause of *98 action. Therefore, defendants are entitled to judgment as a matter of law and we affirm the trial court's order granting defendants' motion for summary judgment.
Id. at 665, 738 S.E.2d at 772-73 (internal citations and quotation marks omitted); see also Hargett v. Holland , 337 N.C. 651, 656, 447 S.E.2d 784, 788 (1994) (holding plaintiffs' professional negligence claim barred by statute of repose where plaintiffs' claim brought more than four years after defendant drafted will and "plaintiffs' complaint allege[d] a contractual relationship between defendant and testator to draft a will and that defendant supervise[ ] execution of the will. After defendant completed these acts, he had performed his professional obligations; and his professional duty to testator was at an end"); Babb v. Hoskins , 223 N.C.App. 103, 108, 733 S.E.2d 881, 885 (2012) ("Because the 'nature of the services he agreed to perform' was solely limited to the drafting of three [trust] documents, we conclude that [the defendant-attorney's] professional duty to [the plaintiffs] ended upon completion of the Trust restatement on 9 October 2006, and, consistent with the above authority, [the defendant-attorney] owed no continuing fiduciary duty beyond that date[.] ... Therefore, plaintiffs' claim for breach of fiduciary duty by [the defendant-attorney] for actions before 31 May 2007 was properly dismissed pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) because those actions are beyond the four year statute of repose provision contained in N.C.G.S. § 1-15(c)." (internal citation omitted)).
Therefore, whether Defendants delivered Plaintiff her 2006 and 2007 tax returns to file-as their evidence tends to show-or whether Defendants never delivered Plaintiff's 2006 and 2007 tax returns to her after their preparation through an omission on their part-as Plaintiff claims-the statute of repose would have begun to run in either scenario on 12 December 2008 as to her 2007 returns and well before that for her 2006 returns at the time these individual transactions were deemed completed. It is immaterial that Towson later purported to help Plaintiff to resolve issues surrounding her 2006 and 2007 tax returns in light of Carle , as those transactions, based on the unrebutted evidence, were already deemed to be completed.
Furthermore, even assuming arguendo as Plaintiff's evidence tends to show that Defendants had affirmatively agreed and represented to Plaintiff that they would file her 2006 and 2007 tax returns for her on her behalf and had failed to do so, this would, at the most, amount to an omission by Defendants occurring-at the latest-on 12 December 2008 given that a statute of repose's "limitation period is initiated by the defendant's last act or omission that at some later point gives rise *99 to the plaintiff's cause of action." Christie , 367 N.C. at 539, 766 S.E.2d at 287 (internal quotation marks omitted) (emphasis added). Therefore, Plaintiff's claims would be barred on statute of repose grounds on this basis as well even when taking her evidence as true.
In sum, either Defendants (1) properly delivered Plaintiff's 2006 and 2007 tax returns to her; or (2) omitted to do so despite their obligation to do so. Either way the "statute's limitation period is initiated by the defendant's last act or omission that at some later point gives rise to the plaintiff's cause of action. The time of the occurrence or discovery of the plaintiff's injury is not a factor in the operation of a statute of repose " Id. (internal citations and quotation marks omitted)
*154 (emphasis added), and "[u]nlike the statute of limitations, the statute of repose serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue [.]" Carle , 225 N.C.App. at 661, 738 S.E.2d at 770 (citation and quotation marks omitted) (emphasis added).
As a result, for all of the above reasons, I would affirm the trial court's grant of partial summary judgment on Plaintiff's professional negligence claims concerning her 2006 and 2007 tax returns based upon the applicable statute of repose. I therefore respectfully dissent from the majority's opinion on this issue.