LINDA R. SHARP, Plaintiff v. CAROLE S. GAILOR, WOMBLE CARLYLE SANDRIDGE & RICE, GAILOR & ASSOCIATES, MARILYN FORBES, KAREN BRITT PEELER, A. ELIZABETH BARNES, JOHN HESTER, and LAWYERS MUTUAL LIABILITY INSURANCE COMPANY OF NORTH CAROLINA, Defendants

No. COA98-284

(Filed 2 February 1999)

**Attorneys— malpractice—failure to state a claim upon which relief could be granted**

The trial court did not err by granting a dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) in a legal malpractice action arising from an equitable distribution case where plaintiff's claims for dereliction of professional duty were time barred by N.C.G.S. § 1-15(c), the actions cited by plaintiff as fraudulent do not allege the elements of either actual or constructive fraud, allegations of breach of fiduciary duty were nothing more than claims of ordinary legal malpractice which were time barred, and professional

services are expressly excluded from the definition of commerce in N.C.G.S. § 75-1.1(b).

Appeal by plaintiff from judgment entered 28 October 1997 by Judge Clifton W. Everett, Jr. in Dare County Superior Court. Heard in the Court of Appeals 17 November 1998.

*Linda R. Sharp, pro se.*

*Hornthal, Riley, Ellis & Maland, L.L.P., by L.P. Hornthal, Jr., for defendants-appellees Carole S. Gailor; Womble Carlyle Sandridge & Rice, PLLC; Gailor & Associates, PLLC; Marilyn Forbes; and A. Elizabeth Barnes.*

*Baker, Jenkins, Jones & Daly, P.A., by Ronald G. Baker and Roger A. Askew, for defendants-appellees Karen Britt Peeler, John Hester, and Lawyers Mutual Liability Insurance Company of North Carolina.*

LEWIS, Judge.

Plaintiff filed her original complaint in this case on 26 November 1996 and an amended complaint on or about 27 May 1997. According to her amended complaint, plaintiff separated from her husband on 23 January 1984. She hired D. Keith Teague, Esq. to represent her in the ensuing action for equitable distribution. Mr. Teague withdrew on 3 July 1989. He was replaced by defendant Carole Gailor, Esq., who was then a partner with defendant Womble Carlyle Sandridge & Rice ("Womble Carlyle"). On or about 21 September 1989, plaintiff, Gailor, and Womble Carlyle entered into a retainer agreement under which Gailor and Womble Carlyle were to represent plaintiff in the equitable distribution case.

An equitable distribution hearing was held from 5 August 1991 to 11 August 1991 before a referee in Dare County. Plaintiff was apparently represented by defendants Gailor, Marilyn Forbes, Esq., and A. Elizabeth Barnes, Esq.; it appears that Ms. Forbes and Ms. Barnes were associates with Womble Carlyle. Judgment in the equitable distribution was entered 19 April 1993, and some associates with Womble Carlyle, including defendant Barnes, prepared an appellate brief and record and filed it on 4 October 1993. In an opinion filed 18 October 1994, a unanimous panel of this Court affirmed the order of equitable distribution, and the Supreme Court subsequently denied discretionary review. *Sharp v. Sharp*, 116 N.C.

App. 513, 449 S.E.2d 39, *disc. review denied*, 338 N.C. 669, 453 S.E.2d 181 (1994).

Plaintiff's amended complaint alleges, in eleven separate counts, misfeasance and nonfeasance by the defendants in connection with plaintiff's equitable distribution case. On defendants' motion, the trial court dismissed all of plaintiff's claims for failure to state a claim upon which relief can be granted. *See* N.C.R. Civ. P. 12(b). Plaintiff appeals.

Our review of the trial court's decision is limited to those arguments which plaintiff has chosen to make in her appellate brief.

The function of all briefs required or permitted by these rules is to define clearly the questions presented to the reviewing court and to present the arguments and authorities upon which the parties rely in support of their respective positions thereon. Review is limited to questions so presented in the several briefs.

N.C.R. App. P. 28(a).

Plaintiff's first argument is that her claims for legal malpractice should have withstood defendants' motion to dismiss. North Carolina General Statutes section 1-15(c) (1996) provides,

Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action . . . .

Plaintiff filed her complaint on 26 November 1996. Her legal malpractice claims are barred unless they are supported by acts or omissions occurring after 26 November 1993.

On pages eight and nine of her brief, plaintiff argues that the following acts and/or omissions by some of the defendants, alleged in her amended complaint as having occurred after 26 November 1993, constitute legal malpractice: (1) The failure of defendants Gailor, Womble Carlyle, Barnes, and Forbes to correct material errors in the appeal they had prepared and filed with this Court on 4 October 1993; (2) billing plaintiff for the preparation of her appeal; (3) reviewing the opinion this Court filed 18 October 1994, in the case *Sharp v. Sharp*; (4) billing plaintiff for reviewing this Court's opinion in *Sharp v. Sharp*; (5) preparing a motion for discretionary review on 22 November 1994; (6) failing to ask this court for a rehearing; and (7)

defendant Gailor's "fail[ing] to follow the judgment handed down and affirmed by the NC [sic] Court of Appeals" and "ma[king] a 'deal' which was not favorable to Plaintiff with the attorney for Plaintiff's ex-husband" on 6 March 1995. For this last item, plaintiff cites Paragraphs 5C, 5D, and 5E of her Eleventh Count, titled "Fraud."

Items (2) through (6) are clearly not actionable as legal malpractice; nothing in any of these acts or omissions, as alleged, is a dereliction of professional duty. Neither is item (1) an omission constituting legal malpractice. There is no provision in the Rules of Appellate Procedure which permits an appellant to unilaterally correct or augment his brief after it has been filed. Nor is there any rule in this state that expressly authorizes an appellant to *move* an appellate court for permission to correct or augment his brief. In fact, Rule of Appellate Procedure 28(g), which permits a party to supply an appellate court with a memorandum of additional authority discovered by the party after the brief is filed, expressly *prohibits* the use of the memorandum "for additional argument." Thus, once plaintiff's appellate brief in the case *Sharp v. Sharp* was filed, nothing could be done to "correct" it; the matter was out of defendants' hands. Any malpractice claim based on the erroneous preparation of that brief is based on acts or omissions that occurred on or before October 1993, so the claim is barred by G.S. 1-15(c).

As noted above, item (7) is presented as a claim of fraud in plaintiff's complaint. The paragraphs cited by plaintiff, however, do not allege the elements of either actual or constructive fraud. *See Terry v. Terry*, 302 N.C. 77, 82-83, 273 S.E.2d 674, 677 (1981). Plaintiff comes closer to alleging constructive fraud than actual fraud, but what is missing is any allegation that Gailor took advantage of her position of trust *for the purpose of benefiting herself. See Barger v. McCoy Hilliard & Parks*, 346 N.C. 650, 666, 488 S.E.2d 215, 224 (1997). Thus, the acts alleged in item (7) fail to state a claim for fraud.

Plaintiff next argues that her claims of breach of fiduciary duty are claims for which relief can be granted. The acts and omissions upon which her claims of breach of fiduciary duty are based include the following: failing to protect real property marital assets "by filing a lis pendens" [sic], failing to pursue a timely settlement of the equitable distribution case, entering into pretrial stipulations to plaintiff's detriment, failing to offer material evidence in plaintiff's favor, delaying plaintiff's trial, failing to review the credentials of an expert witness hired to testify on plaintiff's behalf, failing to ensure the

presence of an expert witness at trial, failing to prepare an adequate appellate brief. As these examples show, plaintiff's claims of breach of fiduciary duty are nothing more than claims of ordinary legal malpractice, which, as we have said, are barred by the statute of limitations.

Finally, plaintiff alleges that her claims of unfair and deceptive trade practices are claims for which relief can be granted. These claims are not recognized by statute. While the General Assembly has declared unfair and deceptive practices "in or affecting commerce" to be unlawful, N.C. Gen. Stat. § 75-1.1(a) (1994), it has expressly excluded the rendition of professional services "by a member of a learned profession" from the definition of "commerce." G.S. 75-1.1(b). Plaintiff argues that we should "giv[e] her the right to sue under the state's Unfair and Deceptive Trade Practices Act," but as judges, we should not and will not rewrite a law enacted by our state legislature.

Affirmed.

Judges GREENE and HUNTER concur.