RAMBOOT, INC. d/b/a B&R Lanes; BERLEY L. BUCK, Individually; and CASSIE L. BUCK, Individually, Plaintiffs v. ROBERT V. LUCAS and LUCAS, BRYANT, DENNING & ELLERBE, P.A. (Formerly Lucas, Bryant, Denning & Edwards, P.A.), Defendants

No. COA06-357

(Filed 20 February 2007)

**1. Attorneys— legal malpractice—last act giving rise to cause of action**

Defendant law firm's filing of a dismissal with prejudice of plaintiffs' action against an insurance company to recover for a fire loss subsequent to plaintiffs' settlement with the insurance company did not extend the three-year statute of limitations for

filing a legal malpractice action arising from that claim, because: (1) a malpractice action accrues from the date of the last act of defendant and not from the date when the attorney-client relationship either begins or ends; (2) only the last act by defendant attorney and his law firm that gives rise to the cause of action triggers the statute of limitations, and not any or all acts undertaken by him in his capacity as plaintiffs' attorney; (3) even if defendants had a continuing duty to represent plaintiffs beyond the settlement conference in this matter, the last act of defendant giving rise to the cause of action occurred no later than the time at which plaintiffs signed the release prepared by the insurance company and took possession of their settlement check on 1 June 2001, and thus, the 3 June 2004 filing of plaintiffs' complaint came more than three years after defendants' last act giving rise to the malpractice action; (4) the acts of mailing and filing the dismissal with prejudice were duties that defendant attorney and his partners performed as officers of the court to comply with the terms of the agreement previously signed by their clients; and (5) equitable estoppel is inapplicable when nothing in plaintiffs' brief nor in the record suggested that defendants prevented their filing this malpractice claim prior to the expiration of the three-year period.

**2. Pleadings— denial of motion for sanctions**

Plaintiff Bucks' outstanding motion for sanctions against the attorneys for defendant attorney and his law firm is denied.

Appeal by plaintiffs from order and judgment entered 15 August 2005 by Judge W. Russell Duke, Jr., in Superior Court, Pitt County. Heard in the Court of Appeals 12 December 2006.

*Mills & Economos, L.L.P., by Larry C. Economos, for plaintiff-appellants.*

*Patterson, Dilthey, Clay, Bryson & Anderson, L.L.P., by Ronald C. Dilthey and Tobias S. Hampson, for defendant-appellants.*

WYNN, Judge.

The three-year statute of limitations for a legal malpractice action begins to run "at the time of the occurrence of the last act of the defendant giving rise to the cause of action."[1] Here, plaintiffs contend the filing of the dismissal with prejudice constituted the "last act" to

---

1. N.C. Gen. Stat. § 1-15(c) (2005).

give rise to their legal malpractice action. Because the final alleged act of malpractice occurred more than three years before the filing of the action, we affirm the trial court's ruling that the subsequent filing of the dismissal with prejudice did not extend the statute of limitations for filing the malpractice action.

In April 1997, a fire significantly damaged B&R Lanes, a bowling alley owned by Plaintiffs Cassie and Berley Buck through the company Ramboot, Inc. Two years later, on 12 April 1999, the Bucks retained Defendant Robert Lucas and his law firm Lucas, Bryant, Denning & Edwards, P.A. for the purpose of recovering monies owed to them under their commercial insurance policies as a result of the fire. Mr. Lucas and his firm filed an action on behalf of the Bucks against their insurance companies, seeking remaining damages under their policies insuring the bowling alley and property against loss from fire.

On 15 May 2001, the case went to mediation, with the insurance companies offering $212,500.00 to the Bucks to settle their claims of loss, in addition to previous insurance payments totaling $253,578.98. The Bucks agreed to the settlement offer, and that day signed a memorandum of settlement agreement for the $212,500.00 balance in full release and satisfaction of all claims, including the filing of a voluntary dismissal of all their claims with prejudice. On 1 June 2001, the Bucks went to Mr. Lucas's law offices and signed the release prepared by the insurance company. The law firm mailed the release to the Clerk of Court for filing on 4 June 2001; the dismissal with prejudice was then filed on 6 June 2001.

According to the Bucks, Mr. Lucas and his partners informed them during the course of the 15 May mediation that they had no chance to get payments exceeding the $212,500.00 offered by the insurance company. Specifically, the Bucks contend that Mr. Lucas stated that, because Ramboot, Inc. had been mistakenly dissolved, they were entitled to no insurance payments under law and would not be able to sustain a legal claim against the insurance company. The Bucks assert that Mr. Lucas told them that their only recourse to recoup the difference between what they should have been paid and what they were actually paid would be to sue their corporate attorney, who was responsible for the mistaken dissolution of Ramboot, Inc., for legal malpractice.

After signing the settlement agreement, the Bucks retained another attorney in Raleigh to represent them in a malpractice action

against their former corporate attorney. Following his investigation, the Raleigh attorney informed the Bucks that Mr. Lucas and his firm had given them misinformation and bad advice as to the effect of Ramboot, Inc.'s dissolution on their insurance claims. Moreover, the Raleigh attorney offered his expert opinion that Mr. Lucas and his firm had in fact committed malpractice in their representation of the Bucks, namely, by breaching their duties to possess the requisite degree of learning, skill, and ability necessary to the practice of their profession, to exert their best judgment in the course of litigation, and to exercise reasonable and ordinary care in the use, skill, and application of their knowledge to the Bucks' case.

On 3 June 2004, the Bucks filed suit against Mr. Lucas and his firm for legal malpractice, alleging that they had failed to properly investigate and obtain reliable information as to the Bucks' claims, leading to an under-valuation of their damages, and that they had accordingly failed to provide proper advice, counsel, and information to the Bucks concerning their claim and their rights during the mediation. The Bucks claimed damages proximately caused by Mr. Lucas and his law firm in excess of one million dollars. Mr. Lucas and his law firm filed an answer on 23 July 2004, asserting a number of defenses, including that the applicable three-year statute of limitations barred the action.

On 7 July 2005, Mr. Lucas and his law firm filed a Rule 56 motion for summary judgment, arguing that there was no genuine issue of material fact in the case. The trial court granted the motion in an order filed 15 August 2005, which included undisputed findings of fact as to the 15 May 2001 settlement conference and agreement and concluded as a matter of law that the Bucks' suit was barred by the three-year statute of limitations for professional malpractice actions. The Bucks now appeal that order, arguing that the trial court erred by granting summary judgment in favor of Mr. Lucas and his law firm and in dismissing their complaint.

In North Carolina, "a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action." N.C. Gen. Stat. § 1-15(c) (2005). The statute of limitations for such causes of action is generally three years, unless the loss or damage "originates under such circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin," such that it is "discovered by the claimant two or more years after the occurrence

of the last act of the defendant giving rise to the cause of action," in which case "suit must be commenced within one year from the date discovery is made," and still no more than four years after the occurrence of the last act of the defendant. N.C. Gen. Stat. § 1-15(c); *Bolton v. Crone*, 162 N.C. App. 171, 589 S.E.2d 915 (2004). Thus, a plaintiff is given an additional year to file a malpractice claim if and only if the malpractice was of a nature that was not readily apparent, and the plaintiff did not actually discover the injury from the malpractice until two or more years after the last act of malpractice.

Here, the Bucks were informed for the first time in November or December 2001 by their Raleigh attorney of the alleged malpractice of Mr. Lucas and his firm. At most, this discovery of the alleged malpractice occurred seven months after an act of Mr. Lucas and his law firm that could have been the basis of the instant cause of action. Accordingly, the three-year statute of limitations for legal malpractice applies to the Bucks' claim.

[1] We turn now to the critical question of this case, namely, what action of Mr. Lucas and his law firm should be deemed the "last act of the defendant giving rise to the cause of action." The Bucks contend that the filing of the dismissal without prejudice, on 6 June 2001, constituted Mr. Lucas's last act of malpractice, as he had a continuing duty as their attorney up until that point to rescind a settlement agreement based on erroneous facts. However, the trial court found that the date that the written mediated settlement agreement was entered into, 15 May 2001, was the last act of Mr. Lucas and his firm giving rise to the Bucks' claim. Furthermore, the trial court noted that the cause of action "accrued no later than June 1, 2001, when the [Bucks] signed the formal release, and received and negotiated their portion of the settlement proceeds." The distinction is determinative of the outcome here, as the 3 June 2004 filing of the Bucks' complaint in the instant case falls within three years under their theory, but not under that of the trial judge.

We stress that the question is not whether an attorney-client relationship existed between the Bucks and Mr. Lucas and his firm; from the record, it clearly did. Indeed, the statute plainly states that a malpractice action accrues from the date of the "last act of the defendant," not from the date when the attorney-client relationship either begins or ends. *See Carlisle v. Keith*, 169 N.C. App. 674, 683-84, 614 S.E.2d 542, 548-49 (2005) (declining to extend the statute of limitations to accrue from continued representation following the alleged

acts of malpractice); *Sharp v. Teague*, 113 N.C. App. 589, 596, 439 S.E.2d 792, 796 (1994) ("We cannot, therefore, equate the date of the attorney's withdrawal of record with the date the attorney ceased representing the client with regard to the matters which are the basis of the malpractice action."), *disc. review improvidently allowed*, 339 N.C. 730, 456 S.E.2d 771 (1995).

Moreover, only the last act by Mr. Lucas and his law firm that "giv[es] rise to the cause of action" triggers the statute of limitations, not any or all acts undertaken by him in his capacity as the Bucks' attorney. *See Teague v. Isenhower*, 157 N.C. App. 333, 338 n.2, 579 S.E.2d 600, 604 n.2 (finding that the statute of limitations began to accrue at the last alleged act of malpractice at the trial level, not by the discharge of the attorney following representation at the appellate level), *disc. review denied*, 357 N.C. 470, 587 S.E.2d 347 (2003). This determination as to the last act giving rise to an action for malpractice is a conclusion of law appropriate for the trial judge to make based on the facts presented, such as the dates of relevant events in the attorney-client relationship.[2]

Previously, our State Supreme Court has held that an attorney's last act giving rise to a malpractice cause of action was the execution of his client's will, and that he did not have a continuing duty to prepare a will properly reflecting the testator's testamentary intent, such that the last act would have occurred immediately before the testator's death. *Hargett v. Holland*, 337 N.C. 651, 654-56, 447 S.E.2d 784, 787-88, *reh'g denied*, 338 N.C. 672, 453 S.E.2d 177 (1994). The Court distinguished the situation in *Hargett* from that in *Sunbow Industries, Inc. v. London*, in which this Court found that "an attorney who represents a party [in the sale of certain assets] has a duty to file the financing statement after the transaction is closed, which duty continues so long as the filing of the financing statement would pro-

2. The Bucks argue in their brief that the trial court's undisputed findings of fact two and three, which stated that the mediated settlement agreement was a binding and enforceable contract and that it was the last act of Mr. Lucas and his firm giving rise to the Bucks' malpractice action, were in fact disputed. First, in reviewing this appeal as to the issue of statute of limitations, we need not determine whether the agreement was binding and enforceable. And second, the relevant dates in question—15 May 2001, 1 June 2001, 4 June 2001, 6 June 2001, and 3 June 2004—are not disputed and are supported by ample evidence and documentation in the record. The trial court's determination that the last act of Mr. Lucas and his firm was either the entering into of the settlement agreement or the Bucks' signing of the release was a conclusion of law, which we review *de novo*, as laid out in the course of this opinion. *See Hickory Orthopaedic Center, P.A. v. Nicks*, 179 N.C. App. 281, ——, 633 S.E.2d 831, 834 (2006) (in a case tried before a judge without a jury, this Court's "review of the trial court's conclusions of law is de novo.") (quotation omitted).

tect some interest of his client." 58 N.C. App. 751, 753, 294 S.E.2d 409, 410, *disc. review denied,* 307 N.C. 272, 299 S.E.2d 219 (1982). Thus, the statute of limitations for a malpractice action began running on the date of the filing of the bankruptcy petition, when the client's interest was harmed. *Id.* Nevertheless, the Court in *Hargett* specifically found that "it was the contractual arrangement between attorney and client that determined the extent of the attorney's duty to the client and the end of the attorney's professional obligation." 337 N.C. at 658, 447 S.E.2d at 789. Additionally, this Court has held that the drafting and delivery of deeds, not the subsequent refusal to correct errors in those. deeds, constituted the "last acts" triggering the statute of limitations. *Jordan v. Crew,* 125 N.C. App. 712, 716-17, 482 S.E.2d 735, 737-38, *disc. review denied,* 346 N.C. 279, 487 S.E.2d 548 (1997).

According to the Bucks' initial complaint and their brief to this Court, they retained Mr. Lucas and his firm to represent them in their claim for insurance coverage loss related to the fire at their bowling alley. All of the allegations in the Bucks' original complaint refer to actions by Mr. Lucas and his partners either at or prior to the 15 May 2001 settlement conference. Even if we conclude that Mr. Lucas and his partners had a continuing duty to represent the Bucks beyond the settlement conference in this matter, we must hold that "the last act of the defendant giving rise to the cause of action" in the instant case occurred no later than the time at which the Bucks signed the release prepared by the insurance company and took possession of their settlement check on 1 June 2001. Thereafter, the acts of mailing and filing the dismissal with prejudice were duties that Mr. Lucas and his partners performed as officers of the court to comply with the terms of the agreement previously signed by their clients.

The 3 June 2004 filing of the Bucks' complaint therefore came more than three years after the last act by Mr. Lucas and his firm giving rise to the malpractice action. Thus, the action was barred by the applicable statute of limitations, and the trial court's order of summary judgment for Mr. Lucas and his law firm was proper.

Lastly, we find the Bucks' argument that Mr. Lucas and his law firm should be equitably estopped from asserting the statute of limitations as a defense to be without merit. "In order for equitable estoppel to bar application of the statute of limitations, a plaintiff must have been induced to delay filing of the action by the misrepresentations of the defendant." *Jordan,* 125 N.C. App. at 720, 482 S.E.2d at 739. The Bucks have alleged misconduct in the course of Mr. Lucas's

IN RE K.N.

[181 N.C. App. 736 (2007)]

legal representation of their insurance claims; nothing in their brief nor in the record suggests that Mr. Lucas prevented their filing this malpractice claim prior to the expiration of the three-year period. This assignment of error is therefore without merit.[3]

[2] As to the Bucks' outstanding motion for sanctions against the attorneys for Mr. Lucas and his law firm, that motion is hereby denied.

For the foregoing reasons, we affirm the trial court's order of summary judgment.

AFFIRMED.

Judges TYSON and STEELMAN concur.

---

3. The Bucks have included a considerable amount of argument in their brief to this Court as to the merits of their underlying malpractice claim and barring the affirmative defense of election of remedies. However, as clearly stated by the trial court, the order of summary judgment was based only on the issue of statute of limitations. In order for a question to have been properly preserved for appellate review, "the complaining party [must] obtain a ruling upon the party's request, objection or motion." N.C. R. App. P. 10(b)(1). Neither the merits of the Bucks' underlying claim nor the issue of election of remedies is properly before this Court; accordingly, those assignments of error are dismissed.