## HACKOS v. SMITH

[194 N.C. App. 557 (2008)]

DARA LYNN HACKOS, Plaintiff v. DAVID CURTIS SMITH, DAVID CURTIS SMITH & ASSOCIATES, PLLC, MICHELLE C. MARK, Defendants

No. COA08-63

(Filed 16 December 2008)

**Appeal and Error— gross violation of appellate rules—dismissal of appeal—records on appeal filed with Court of Appeals at variance with proposed records on appeal—untimely appeal—lack of assignments of error**

Plaintiff's appeal from the 28 December 2007 denial of her motion to reconsider the 16 July 2007 granting of summary judgment in favor of defendants in a legal malpractice case arising from an underlying personal injury lawsuit is dismissed based on gross violations of the North Carolina Rules of Appellate Procedure, and costs of this appeal are taxed against plaintiff's attorney in accordance with N.C. R. App. P. 25 and 34, because: (1) the records on appeal filed with the Court of Appeals are at variance with the proposed records on appeal served upon defendants in violation of N.C. R. App. P. 11; (2) assuming arguendo that plaintiff's response to the companion appeal on 25 August 2008 was as to both appeals, it was not timely filed as to this appeal since there was no extension of time granted for this appeal; and (3) even if the final record on appeal presented to the Court of Appeals was consistent with the proposed record on appeal which was presented to opposing counsel, the lack of assignments of error alone would be fatal to plaintiff's appeal under N.C. R. App. P. 10(a).

Appeal by plaintiff from an order entered 28 September 2007 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 21 May 2008.

*Goodman, Allen & Filetti, PLLC, by Kerri Borchardt Taylor, Pro Hac Vice, and A. William Charters, and Elliott Pishko Morgan, P.A. by David C. Pishko, for plaintiff-appellant.*

*Patterson Dilthey, LLP, by Ronald C. Dilthey and Wyrick Robbins Yates & Ponton, LLP, by Charles George, for defendants-appellees.*

JACKSON, Judge.

This is a companion appeal to 07-1543 filed simultaneously herewith.[1] Dara Lynn Hackos ("plaintiff") appeals the 28 September 2007 denial of her motion to reconsider the 16 July 2007 granting of summary judgment in favor of David Curtis Smith, David Curtis Smith & Associates, PLLC, and Michelle C. Mark ("defendants") which is the subject of her companion appeal. For the reasons stated below, we dismiss the appeal.

The factual background of the case is set forth more fully in our opinion in the companion appeal. Plaintiff brought the instant legal malpractice suit against defendants on 23 June 2006, stemming from an underlying personal injury lawsuit related to a 2001 automobile accident.

On 16 July 2007, the trial court granted defendants' motion for summary judgment, from which plaintiff appealed on 16 August 2007.[2] That same day, she filed a motion to reconsider the matter in Durham County Superior Court.[3] On 28 September 2007, plaintiff's motion to reconsider was denied. Plaintiff filed notice of appeal on 26 October 2007.

Defendants have brought motions to dismiss both of plaintiff's appeals due to violations of the North Carolina Rules of Appellate Procedure. Defendants argue, *inter alia*, that the records on appeal filed with this Court are at variance with the proposed records on appeal served upon defendants, in violation of Rule 11.

As explained in our opinion in the companion appeal, plaintiff filed no response to these motions prior to the hearing date for these cases. This Court, *ex mero motu*, issued separate orders on 29 July 2008 ordering plaintiff to file a response to each of defendants' motions within ten days. Because the deadline fell during a period of secured leave, plaintiff's attorney filed a motion to extend the deadline as to the companion appeal. The motion was granted as to the companion appeal and the ten day period was to begin upon the expiration of secured leave. The response as to the companion appeal

---

1. Defendants filed a motion to consolidate these appeals on 4 April 2008. On 22 April 2008, this Court issued an order as follows: "The appeals in case numbers COA 07-1543 and COA 08-63 will be heard before the same panel on May 21, 2008."

2. The 16 July 2007 order is the subject of the companion appeal.

3. Plaintiff indicates that the motion to reconsider was filed 10 August 2007; however, it is file stamped 16 August 2007.

was filed 25 August 2008. No response was received as to the instant appeal.[4] Assuming *arguendo* that plaintiff's response is as to both appeals, it was not timely filed as to this appeal because no extension of time was granted as to this appeal.

The proposed record on appeal in the companion appeal was provided to defendants on 10 November 2007. The proposed record on appeal in the instant appeal was provided to defendants on 27 November 2007. On 10 December 2007, defendants sent a letter to plaintiff expressing their understanding that the second proposed record on appeal replaced the first proposed record on appeal. Also on 10 December 2007, defendants sent a letter to plaintiff noting their objections and amendments to the proposed record on appeal.[5] On 17 December 2007, defendants were informed that the second proposed record on appeal did not replace the first proposed record on appeal, but that it related to a second and separate appeal. No further objections and amendments were made. The final record on appeal in the instant appeal was filed on 17 January 2008.

Pursuant to Rule 11 of the North Carolina Rules of Appellate Procedure, when no objections, amendments, or proposed alternative records on appeal are filed—as was the case here—"appellant's proposed record on appeal thereupon constitutes the record on appeal." N.C. R. App. P. 11(b) (2007). Here, the record on appeal filed with this Court is at variance with what was presented to defendants as the proposed record on appeal in that the following items were not in the proposed record: (1) statement of organization of the trial court, (2) statement of jurisdiction, (3) stipulation of service and settlement of record, (4) *assignments of error*, (5) identification of counsel for the appeal, and (6) two notices of appeal for file 07-1543.

As explained in our opinion in file number 07-1543, assignments of error are not required for this Court to review the granting of summary judgment. *See Schenkel & Shultz, Inc. v. Herman F. Fox & Assocs.*, 362 N.C. 269, 276-77, 658 S.E.2d 918, 923 (2008). However,

4. We reiterate that the two appeals were not consolidated; they were placed on the same calendar for the purpose of oral argument. Two orders to respond were issued, one for each appeal.

5. It is unclear to this Court whether defendants intended the objections and amendments to pertain to the companion appeal or this appeal. Due to defendants' assumption that the second proposed record on appeal replaced the first proposed record on appeal, it appears the objections and amendments related to the second proposed record on appeal, which was for the instant appeal. However, both sides treat the objections and amendments as though they were as to the appeal in file number 07-1543. Therefore, we treat them as such.

this appeal does not concern the granting of summary judgment. Had the final record on appeal presented to this Court been consistent with the proposed record on appeal which was presented to opposing counsel—as it should have been—the lack of assignments of error alone would be fatal to plaintiff's appeal. Rule 10 of the North Carolina Rules of Appellate Procedure limits the scope of appellate review to "a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10." N.C. R. App. P. 10(a) (2007). Absent any assignments of error, there is nothing within the scope of our review.

As set forth more fully in our opinion in the companion appeal, we are gravely concerned by counsel's lack of transparency in serving one version of the record on appeal on opposing counsel and a materially different version of that record on this Court. Counsel's actions implicate Rules 3.3, 3.4, and 8.4 of the rules governing attorney conduct in this State. Pursuant to *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 199, 657 S.E.2d 361, 366 (2008), we find these actions to be grossly violative of our appellate rules; therefore, in accordance with Appellate Rules 25 and 34, in addition to dismissing the appeal, we elect to tax the costs of this appeal against plaintiff's attorney. We direct the clerk of this court to enter an order accordingly.

Dismissed.

Judges HUNTER and TYSON concur.