DARA LYNN HACKOS, PLAINTIFF-APPELLANT
v.
GOODMAN, ALLEN & FILETTI, PLLC; KERRI BORCHARDT TAYLOR AND
A. WILLIAM CHARTERS, DEFENDANTS-APPELLEES

No. COA12-1314

Filed 18 June 2013

1. **Statutes of Limitation and Repose—legal malpractice—date of discovery**

    The one-year from the date of discovery provision of N.C.G.S. § 1-15(c) did not apply in a legal malpractice action and plaintiff was required to initiate her action within the three-year statute of limitations. The three-year statute of limitations applies unless at least two years have passed between the last act or omission giving rise to the injury and the date that plaintiff discovered or reasonably should have discovered the injury. In this case, approximately a year-and-a-half had passed at most.

2. **Statutes of Limitation and Repose—legal malpractice—last act or omission—appeal**

    Plaintiff's legal malpractice claims were barred by the statute of limitations where more than three years passed between the alleged last act and the initiation of the action. The alleged acts or omissions at the trial level occurred more than four years before this action was filed, and, although plaintiff contended that defendants' negligence in conducting her appeal constituted the last act giving rise to her claim, plaintiff did not properly allege or argue those issues. Moreover, even if failing to petition the Supreme Court for relief was properly preserved and could qualify as negligence, on this record it did not constitute a last act or omission which would extend the statute of limitations.

**HACKOS v. GOODMAN, ALLEN & FILETTI, PLLC**

[228 N.C. App. 33 (2013)]

Appeal by Plaintiff from order entered 25 June 2012 by Judge Elaine M. Bushfan in Superior Court, Durham County. Heard in the Court of Appeals 26 March 2013.

*Twiggs, Strickland & Rabenau, P.A., by Jerome P. Trehy, Jr., for Plaintiff-Appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Clinton R. Pinyan and Wes J. Camden, for Defendants-Appellees.*

McGEE, Judge.

Dara Lynn Hackos (Plaintiff) alleged the following in her complaint filed 4 January 2012: Plaintiff was seriously injured in an automobile accident in Virginia on 25 August 2001, when Scottie Harrison Sparks (Sparks) rear-ended the vehicle Plaintiff was driving. Sparks was entirely at fault in the collision. Plaintiff hired a Virginia attorney to represent her in an action against Sparks and his employer.

Plaintiff next alleged that, after her Virginia attorney filed a complaint in Virginia on her behalf, Plaintiff met with David Curtis Smith (Smith), a North Carolina attorney, who convinced Plaintiff to allow him to represent her. Upon Plaintiff's request, her Virginia attorney withdrew, and Plaintiff filed a voluntary dismissal of the action in Virginia because Smith was not licensed to practice in Virginia. Smith assured Plaintiff that he could pursue the action in the United States District Court for the Middle District of North Carolina, "based upon diversity jurisdiction." Despite Smith's assurances to the contrary, the Middle District dismissed Plaintiff's action based upon improper venue.

Plaintiff alleged that, because of Smith's negligence, the statute of limitations in Virginia expired and Plaintiff lost her right to pursue the personal injury action. Plaintiff hired Attorney Brian Davis (Davis) to file a professional negligence claim against Smith. For reasons not made clear in Plaintiff's complaint, Davis withdrew as Plaintiff's attorney. Plaintiff then hired attorneys Kerri Borchardt Taylor (Taylor) and A. William Charters (Charters) of Goodman, Allen & Filetti, PLLC (with Taylor and Charters, Defendants). Smith moved for summary judgment, and a hearing date was set. Plaintiff alleged that Defendants failed to obtain a continuance, failed to respond to Smith's motion, and failed to appear at the summary judgment hearing. Plaintiff also failed to appear at the hearing, and summary judgment was granted based upon Smith's uncontested motion for summary judgment and its accompanying affidavit.

**HACKOS v. GOODMAN, ALLEN & FILETTI, PLLC**

[228 N.C. App. 33 (2013)]

Plaintiff did not bring suit against Defendants at that time, but allowed them to continue representing her. Defendants filed a motion to reconsider the grant of summary judgment in favor of Smith, but the trial court denied Defendants' motion. Defendants filed a notice of appeal from (1) the order granting summary judgment to Smith and (2) the order denying Plaintiff's motion to reconsider.

This Court filed opinions in those two appeals on 16 December 2008. *Hackos v. Smith*, 194 N.C. App. 532, 669 S.E.2d 761 (2008) (*Hackos I*, deciding appeal from order granting summary judgment to Smith); *Hackos v. Smith*, 194 N.C. App. 557, 669 S.E.2d 765 (2008) (*Hackos II*, deciding appeal from denial of Plaintiff's motion to reconsider). In both *Hackos I* and *Hackos II*, this Court found that Defendants had committed multiple violations of the N.C. Rules of Appellate Procedure – most egregiously by failing to include any assignments of error in the records on appeal, which was, at that time, a requirement pursuant to N.C.R. App. P. 10(a) (2007); and by filing records on appeal that were materially different than those presented to Smith as the proposed records on appeal.

In *Hackos I*, this Court (1) affirmed the grant of summary judgment in favor of Smith; (2) sanctioned Defendants for filing a materially different record on appeal than that settled upon with Plaintiff; and (3) refused to address Plaintiff's two additional arguments because there were no assignments of error in the record. Assignments of error were not required when appealing from the granting of summary judgment. *Schenkel & Shultz, Inc. v. Hermon F. Fox & Assoc.*, 362 N.C. 269, 277, 658 S.E.2d 918, 923 (2008) (citation omitted) ("for purposes of an appeal from a trial court's entry of summary judgment for the prevailing party, the appealing party is not required under Rule 10(a) of the Rules of Appellate Procedure to make assignments of error for the reason that on appeal, review is necessarily limited to whether the trial court's conclusions as to whether there is a genuine issue of material fact and whether the moving party is entitled to judgment, both questions of law, were correct"). Therefore, this Court, in *Hackos I*, considered the merits of Plaintiff's summary judgment argument *de novo*. *Hackos I*, 194 N.C. App. at 535-36, 669 S.E.2d at 763-64. However, we declined to address Plaintiff's two additional arguments because of the lack of assignments of error. *Id.* at 539, 669 S.E.2d at 765. In addition, in *Hackos II*, we dismissed Plaintiff's appeal because of Defendants' failure to include assignments of error in the record. *Hackos II*, 194 N.C. App. at 559-60, 669 S.E.2d at 767-68. Our decisions in *Hackos I* and *Hackos II* were unanimous, and no petition for discretionary review was filed with our Supreme Court for either opinion.

Plaintiff initiated the present action on 15 December 2011 by obtaining an order extending time to file a complaint. Plaintiff filed her complaint in the present action on 4 January 2012, and alleged that Defendants committed professional negligence in their handling of Plaintiff's action against Smith. Pursuant to N.C. Gen. Stat. 1A-1, Rule 12(b)(6), Defendants filed a motion to dismiss on 9 March 2012, contending that Plaintiff's complaint failed to allege "that Defendants committed any actionable negligence . . . within the period of any applicable statute of limitations and/or statute of repose that was the proximate cause of any legally cognizable damages allegedly suffered by Plaintiff." By order filed 25 June 2012, the trial court granted Defendants' motion to dismiss, ruling that Plaintiff's complaint failed to state a claim upon which relief could be granted, and that the allegations in Plaintiff's complaint "reveal that Plaintiff's claims fail or are defeated as a matter of law[.]" Plaintiff appeals.

I.

Plaintiff's sole issue on appeal is whether the trial court erred in granting Defendants' motion to dismiss. We affirm the order of the trial court dismissing Plaintiff's action.

II.

"We review de novo the grant of a motion to dismiss." *Lea v. Grier*, 156 N.C. App. 503, 507, 577 S.E.2d 411, 414 (2003) (citation omitted). "In ruling upon such motion, the trial court must view the allegations of the complaint as admitted and on that basis must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Southeastern Hospital Supply Corp. v. Clifton & Singer*, 110 N.C. App. 652, 653, 430 S.E.2d 470, 471 (1993) (citation omitted).

[1] The issue on appeal is whether Plaintiff's claim was barred by the appropriate statute of limitations.

> " 'Dismissal of a complaint is proper under the provisions of Rule 12(b)(6) of the North Carolina Rules of Civil Procedure . . . when some fact disclosed in the complaint necessarily defeats the plaintiff's claim.' " A motion to dismiss under Rule 12(b)(6) is an appropriate method of determining whether the statutes of limitation bar plaintiff's claims if the bar is disclosed in the complaint.

*Carlisle v. Keith*, 169 N.C. App. 674, 681, 614 S.E.2d 542, 547 (2005) (citations omitted). "N.C. Gen. Stat. § 1-15(c) governs legal malpractice claims, and establishes a three-year statute of limitations and a four-year

statute of repose." *Goodman v. Holmes & McLaurin Attorneys at Law*, 192 N.C. App. 467, 473, 665 S.E.2d 526, 531 (2008) (citation omitted).

> Except where otherwise provided by statute, a cause of
> action for malpractice arising out of the performance of or
> failure to perform professional services shall be deemed
> to accrue at the time of the occurrence of the last act of
> the defendant giving rise to the cause of action[.]

N.C. Gen. Stat. § 1-15(c) (2011). "To determine when the last act or omission occurred we look to factors such as the contractual relationship between the parties, when the contracted-for services were complete, and when the alleged mistakes could no longer be remedied." *Carle v. Wyrick, Robbins, Yates & Ponton*, ___ N.C. App. ___, ___, 738 S.E.2d 766, 771 (2013) (citation omitted). "Th[e] determination as to the last act giving rise to an action for malpractice is a conclusion of law appropriate for the trial judge to make based on the facts presented, such as the dates of relevant events in the attorney-client relationship." *Ramboot, Inc. v. Lucas*, 181 N.C. App. 729, 734, 640 S.E.2d 845, 848 (2007) (footnote omitted).

## III.

Plaintiff alleged, *inter alia*, that Defendants committed legal malpractice by improperly filing certain documents with the trial court and by failing "to appear properly in this North Carolina action." Plaintiff further alleged Defendants' negligence was the proximate cause of the trial court's granting summary judgment in favor of Smith. These alleged acts or omissions by Defendants occurred on or before 13 July 2007, more than four years before Plaintiff initiated the present action on 4 January 2012. If those acts constituted the last acts of Defendants "giving rise to the cause of action[,]" then Plaintiff was barred from bringing the present action pursuant to the relevant statutes of limitations and repose. N.C.G.S. § 1-15(c); *Hargett v. Holland*, 337 N.C. 651, 655, 447 S.E.2d 784, 788 (1994) (citations omitted) ("Regardless of when plaintiffs' claim might have accrued, or when plaintiffs might have discovered their injury, because of the four-year statute of repose, their claim is not maintainable unless it was brought within four years of the last act of defendant giving rise to the claim.").

However, Plaintiff also alleged that Defendants' appellate representation was negligent. Plaintiff argues that Defendants "negligently committed acts of omission during the appeals that proximately resulted in the loss of [Plaintiff's] meritorious claims against Smith." Plaintiff

contends that Defendants' negligence in conducting her appeal constituted the last act giving rise to her legal malpractice action and, therefore, her action was filed within the statutes of limitations and repose. Plaintiff includes the following relevant allegations in her complaint:

> 109. For [Plaintiff's] appeals, the Court of Appeals indicated it was "gravely concerned by [Defendants'] lack of transparency in serving one version of the record on appeal on opposing counsel and a materially different version of that record on this Court."

> 110. On December 16, 2008, the Court of Appeals issued its decisions, sanctioning [Plaintiff's] counsel for "gross violations" of the appellate rules and affirming the trial court file No. CoAO7-1543, and dismissing No. CoA08-63 for the same gross violations of the appellate rules.

> . . . .

> 112. [Defendants] . . . failed to petition for further relief to the North Carolina Supreme Court in order to protect [Plaintiff] from the punishment rendered by the Court of Appeals for the gross violations of the Rules of Appellate Procedure.

> . . . .

> 114. Because Defendants . . . filed improper records on appeal in file No. CoAO7-1543 and CoA08-63 and because they repeatedly and continuously failed and omitted to correct, rectify or ameliorate these errors, the Court of Appeals dismissed and/or affirmed [Plaintiff's] appeals on January 5, 2009. By their failures, acts and omissions as described above, Defendants . . . breached the standards of practice owed to [Plaintiff] and were a direct and proximate cause of the summary judgment entered on behalf of Smith and against [Plaintiff] and the order denying [Plaintiff's] motion to reconsider, and were direct and proximate cause of the dismissal and/or affirmance of [Plaintiff's] meritorious appeals from the trial court's Order of Summary Judgment and Order Denying the Motion to Reconsider.

On 13 August 2007, Defendants filed notice of appeal on behalf of Plaintiff from the 16 July 2007 order granting summary judgment to Smith (*Hackos I*). On 29 October 2007, Defendants also filed notice of

appeal from the trial court's order denying Plaintiff's motion to reconsider (*Hackos II*). The mandate for this Court's opinions in *Hackos I* and *Hackos II* issued on 5 January 2009. Any petition to our Supreme Court for discretionary review of these opinions was required to have been filed within fifteen days of the issuance of the mandate. N.C.R. App. P. 15(b).

Therefore, *at most*, approximately a year and a half passed between the filing of the notices of appeal and the time Plaintiff would be charged, on 5 January 2009, with at least constructive notice of injury resultant from the deficient record. With respect to the alleged negligence in failing to petition our Supreme Court for further review in *Hackos I* and *Hackos II*, Plaintiff would be charged with constructive notice fifteen days after the mandate issued on 5 January 2009. N.C.R. App. P. 15(b). The three year statute of limitation applies unless at least two years have passed between the last act or omission giving rise to the injury and the date that Plaintiff did, or reasonably should have, discovered the injury:

> [W]henever there is . . . economic or monetary loss . . . which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage *is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action,* suit must be commenced within one year from the date discovery is made[.]

N.C.G.S. § 1-15(c) (emphasis added). Plaintiff discovered, or reasonably should have discovered, the alleged injury resulting from Defendants' alleged acts or omissions well before the two- year period mandated by N.C.G.S. § 1-15(c). Therefore, the "one year from the date discovery is made" provision did not apply in this matter, and Plaintiff was required to initiate this action within the three year statute of limitations. N.C.G.S. § 1-15(c); *Ramboot*, 181 N.C. App. at 732-33, 640 S.E.2d at 847.

[2] We are left only to determine whether Defendants' last act giving rise to the present cause of action occurred less than three years before 15 December 2011, which is the date Plaintiff initiated the present action. If Defendants' last act occurred on or after 15 December 2008, Plaintiff's claim is not barred by the three-year statute of limitations. However, if Defendants' last act occurred before 15 December 2008, Plaintiff has no claim. N.C.G.S. § 1-15(c); *Goodman*, 192 N.C. App. at 473, 665 S.E.2d at 531 ("N.C. Gen. Stat. § 1-15(c) governs legal malpractice claims, and establishes a three-year statute of limitations").

Referring to Plaintiff's complaint, the only act which is actually an omission – suggested as indicative of negligence that occurred after 15 December 2008 is Defendants' alleged failure "to petition . . . from the punishment rendered by the Court of Appeals for the gross violations of the Rules of Appellate Procedure." However, in her complaint, Plaintiff does not appear to allege that failure to petition our Supreme Court constituted Defendants' last act. Plaintiff's complaint alleged that Defendants' failure to submit a proper record on appeal, and Defendants' subsequent failure to attempt to amend that record, constituted the last acts giving rise to the present action:

> 114. Because Defendants . . . filed improper records on appeal in file No. CoAO7-1543 and CoA08-63 and because they repeatedly and continuously failed and omitted to correct, rectify or ameliorate these errors, the Court of Appeals dismissed and/or affirmed [Plaintiff's] appeals on January 5, 2009. By their failures, acts and omissions as described above, Defendants . . . breached the standards of practice owed to [Plaintiff] and were a direct and proximate cause of the summary judgment entered on behalf of Smith and against [Plaintiff] and the order denying [Plaintiff's] motion to reconsider, and were direct and proximate cause of the dismissal and/or affirmance of [Plaintiff's] meritorious appeals from the trial court's Order of Summary Judgment and Order Denying the Motion to Reconsider.

Plaintiff does not include in this allegation Defendants' failure to petition our Supreme Court for review of this Court's opinions in *Hackos I* or *Hackos II*.

In her brief, Plaintiff states that "the negligence continued up through the appeal and up through the failure to seek discretionary review." This is the extent of Plaintiff's argument concerning any failure to petition for Supreme Court review. Plaintiff cites no authority in support of this conclusory statement, and fails to make any actual argument in her brief as required by N.C.R. App. P. 28(b)(6), resulting in abandonment of Plaintiff's argument. *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 200, 657 S.E.2d 361, 367 (2008); *see also Rorrer v. Cooke*, 313 N.C. 338, 362, 329 S.E.2d 355, 370 (1985) (conclusory statement that alleged "departure from standards of care 'contributed greatly to the loss of [plaintiff's] claim when it was tried' is deficient" in that it was "not based upon specific facts" and "it does not aver that but for [the attorney's] negligence [the plaintiff] would have prevailed in her suit").

Furthermore, Plaintiff does not allege in her complaint that her contract with Defendants included petitioning our Supreme Court if an unfavorable outcome was obtained at this Court. *Garrett v. Winfree*, 120 N.C. App. 689, 694, 463 S.E.2d 411, 415 (1995) (citation omitted) ("The contractual arrangement between attorney and client determines the extent of the attorney's duty to the client and the end of the attorney's professional obligation."). Plaintiff makes no allegations that she ever requested Defendants to petition for further review after this Court filed its opinions in *Hackos I* and *Hackos II*, and there is nothing in the record showing that Defendants even had Plaintiff's consent to continue representation following the filing of this Court's opinions in *Hackos I* and *Hackos II*.

In addition, Plaintiff's allegation that Defendants were negligent in failing to petition our Supreme Court for review of this Court's opinions in *Hackos I* and *Hackos II* was that petition was necessary "in order to protect [Plaintiff] from the punishment rendered by the Court of Appeals for the gross violations of the Rules of Appellate Procedure." It is true this Court sanctioned Defendants for rules violations:

> We hold that the actions of plaintiff's counsel constitute gross violations of our appellate rules; therefore, pursuant to Rules 25 and 34, we elect to tax double the costs of this appeal against plaintiff's attorney[s].

*Hackos I*, 194 N.C. App. at 537, 669 S.E.2d at 764. However, this Court addressed the merits of Plaintiff's appeal as it related to the order granting Smith's motion for summary judgment in *Hackos I*. Plaintiff's appeal in *Hackos II* was limited to the trial court's denial of Plaintiff's "28 September 2007 denial of her motion to reconsider the 16 July 2007 granting of summary judgment" in favor of the defendants in that action. *Hackos II*, 194 N.C. App. at 558, 669 S.E.2d at 766. Because this Court affirmed the 16 July 2007 order granting summary judgment, the dismissal of Plaintiff's appeal in *Hackos II* from the trial court's denial of her motion to reconsider prejudiced her in no manner.

In her complaint, Plaintiff did not allege that Defendants' failure to petition our Supreme Court for review of this Court's affirmation, in *Hackos I*, of the 16 July 2007 order granting summary judgment, constituted legal malpractice. Plaintiff limited her allegation as follows: "[Defendants] failed to petition for further relief to the North Carolina Supreme Court in order to protect [Plaintiff] from the punishment rendered by the Court of Appeals *for the gross violations of the Rules of Appellate Procedure.*" (Emphasis added). Because this Court decided Plaintiff's argument concerning the July 2007 order granting summary

judgment on the merits, there was no "punishment" for rules violations in this regard.

Plaintiff does not reference, in either her complaint or her appellate brief, the two additional issues appealed in *Hackos I*. Plaintiff's appeal in *Hackos I* included arguments that: (1) the trial court erred in denying Plaintiff's pro se motion to continue, and (2) the trial court erred in granting summary judgment in favor of Defendants because neither Plaintiff nor her counsel had sufficient notice of the summary judgment hearing. These issues are not addressed in this Court's opinion in *Hackos I*; the sole reference to these issues being: "Plaintiff makes two other arguments in her brief. However, because our review is limited to the granting of summary judgment, we do not address [Plaintiff's] remaining arguments." *Hackos I*, 194 N.C. App. at 539, 669 S.E.2d at 765. These are the arguments that were dismissed because of Defendants' appellate rules violations. However, because Plaintiff makes no argument in her brief concerning these two dismissed issues, they are deemed abandoned. N.C.R. App. P. 28(b)(6).

Assuming, *arguendo*, that Plaintiff had properly preserved argument on these two issues, they would still fail. First, as noted above, Plaintiff fails to allege any contractual obligation requiring Defendants to represent Plaintiff beyond appeal to this Court. Plaintiff does not allege she requested Defendants petition our Supreme Court for discretionary review, or even authorized such.

Second, although we have found no opinions addressing the particular issue of whether failure to petition for Supreme Court review can be an act of legal malpractice, this Court has held that "failing to ask [the Court of Appeals] for a rehearing" is "clearly not actionable as legal malpractice[.]" *Sharp v. Gailor*, 132 N.C. App. 213, 215-16, 510 S.E.2d 702, 704 (1999). Without deciding whether failure to petition our Supreme Court for "further relief" can ever constitute negligence for the purposes of a legal malpractice action, we hold that on the record before us Defendants' failure to file a "petition for further relief" did not constitute the last "act or omission" giving rise to Plaintiff's claim. *Carle*, __ N.C. App. at __, 738 S.E.2d at 771. Therefore, the last act giving rise to Plaintiff's claim that initiated on 15 December 2011 necessarily occurred before 15 December 2008. More than three years passed between the alleged last act and the initiation of the present action. Plaintiff's claims were barred by the statute of limitations. We are not without sympathy for Plaintiff's position, particularly when the allegations of negligence concern the acts and omissions of professionals Plaintiff hired to represent her and protect her legal rights. However,

" '[s]tatutes of limitations are inflexible and unyielding. They operate inexorably without reference to the merits of plaintiff's cause of action. They are . . . intended to require that litigation be initiated within the prescribed time or not at all.' "

" 'The purpose of a statute of limitations is to afford security against stale demands, not to deprive anyone of his just rights by lapse of time. In some instances, it may operate to bar the maintenance of meritorious causes of action. When confronted with such a cause, the urge is strong to write into the statute exceptions that do not appear therein. In such case, we must bear in mind Lord Campbell's caution: "Hard cases must not make bad law." ' "

*Congleton v. City of Asheboro*, 8 N.C. App. 571, 573-74, 174 S.E.2d 870, 872 (1970) (citations omitted).

Affirmed.

Judges GEER and DAVIS concur.