An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-894

NORTH CAROLINA COURT OF APPEALS

Filed: 18 March 2014

GLENN and CHRISTINE FOSS,
    Plaintiffs,

v.

MCGUIRE, WOOD & BISSETTE, PA and
SUSAN BARBOUR,
    Defendants.

Buncombe County
No. 09 CVS 2352

Appeal by plaintiffs from order entered 11 March 2013 by Judge C. Philip Ginn in Buncombe County Superior Court. Heard in the Court of Appeals 7 January 2014.

> *Tharrington Smith, L.L.P., by F. Hill Allen and David N. Webster, pro hac vice, for plaintiffs-appellants.*

> *Long, Parker, Warren, Anderson & Payne, P.A., by Ronald K. Payne, for defendants-appellees.*

HUNTER, Robert C., Judge.

Plaintiffs appeal the order granting defendants' motion for summary judgment based on plaintiffs' failure to file their claim for legal malpractice within the statute of limitations. On appeal, plaintiffs argue that because defendants' professional negligence was not readily apparent at the time of

injury and was not discovered until more than two years after the last negligent act giving rise to plaintiffs' claim, the statute of limitations did not run until four years after the last act, on 21 April 2009. After careful review, we affirm the trial court's order.

## Background

In 2004, plaintiffs Glenn and Christine Foss ("Glenn" or "Christine", collectively "plaintiffs") became interested in buying a parcel of land located in the subdivision of Greyrock at Lake Lure ("Greyrock") in Rutherford County, North Carolina. Glenn had learned that HGTV was planning to build a "Dream Home" in that subdivision. Glenn and John Sebastiano ("Mr. Sebastiano") visited the property sometime in August 2004. After their visit, they, along with a few other individuals, created Lure Properties, L.L.C. ("Lure Properties"), in order to purchase several lots in Greyrock. On or about 25 October 2004, Lure Properties entered into a nonbinding reservation agreement and convertible contract for sale ("reservation agreement") for a number of lots in Greyrock, including lot 27.[1] Plaintiffs contended that they chose lot 27 based on its views of Lake Lure and because it was located next to HGTV's "Dream Home."

---

[1] Lot 27 was originally numbered lot 29.

Originally, lot 27 included 1.68 acres of land; however, the reservation agreement explicitly noted that lot 27 "may be amended." On 22 February 2005, lot 27 was reduced in size to 1.43 acres. In addition, the lot lines were changed so that lot 27's view of Lake Lure was adversely affected.

Lure Properties was unable to get a loan to purchase the properties. Plaintiffs decided to purchase lot 27 individually. Mr. Sebastiano was "in charge" of arranging the purchase of lot 27 by plaintiffs. According to plaintiffs, the developers of Greyrock recommended defendant McGuire, Woods, & Bissette, P.A. ("MWB") to handle the closing;[2] defendant Susan Barbour ("Ms. Barbour") was the attorney at MWB handling the closing (collectively, Ms. Barbour and MWB are referred to as "defendants").

Prior to closing on the property, plaintiffs informed Ms. Barbour that all communications should be sent to Mr. Sebastiano. The closing was scheduled for 21 April 2005. On 15 April, defendants sent the loan closing documents to Mr. Sebastiano per plaintiffs' instructions. The closing documents

---

[2] While defendants contend that they were hired after lot 27 was reduced in size to 1.43 acres, we are unable to verify this from the record. Plaintiffs claim they hired MWB in September 2004. While defendants deny this in their answer, there is nothing in the record indicating the date in which they contend that they were hired by plaintiffs.

showed that lot 27 had been resurveyed; the lot size had been reduced to 1.43 acres, and the boundary lines had changed. Plaintiffs executed the loan documents and returned them to defendants for closing. Within a year of closing, Mr. Sebastiano visited the lot and realized that it did not appear the same as when he and Glenn first visited in 2004. He called Glenn and told him that the lot had changed and that they had a "major problem."

On 21 April 2009, plaintiffs filed an application to extend the time to file a complaint with regard to their claim of professional negligence, which was granted by the clerk of court. Plaintiffs were given until 11 May 2009 to file their complaint. Plaintiffs filed their complaint 11 May 2009, alleging claims of professional negligence, breach of contract, and breach of fiduciary duty. On 5 June 2009, defendants moved to strike the second and third counts in plaintiffs' complaint because the application only sought an extension for the professional negligence claim. On 26 August 2009, Judge Ginn entered an order dismissing all causes of action except for plaintiffs' claim of legal malpractice. Defendants filed an answer 21 September 2009, claiming that plaintiffs' action was barred by both the statute of limitations and the statute of

repose. On 13 February 2013, after discovery had commenced, defendants filed a motion for summary judgment, claiming that the statute of limitations barred plaintiffs' complaint.

The matter came on for hearing on 11 March 2013. That same day, Judge Ginn entered an order granting defendants' motion for summary judgment based on the statute of limitations. Plaintiffs timely appealed.

**Arguments**

Plaintiffs' sole argument on appeal is that the trial court erred in granting summary judgment because their action is not barred by the statute of limitations. Specifically, plaintiffs contend that because defendants' legal malpractice was not readily apparent until over two years after defendants' last act giving rise to their claim, i.e., the closing on lot 27, plaintiffs were entitled to a one-year extension of the statute of limitations pursuant to N.C. Gen. Stat. § 1-15(c). However, because plaintiffs discovered or should have discovered the changes to lot 27 within two years after closing and defendants' failure to notify them of the changes, we disagree. Consequently, the statute of limitations ran on plaintiffs' claim 21 April 2008. Therefore, since plaintiffs failed to file their complaint or their application to extend the time to file

their complaint on or before 21 April 2008, the trial court properly granted summary judgment in favor of defendants.

N.C. Gen. Stat. § 1-15(c) provides, in pertinent part, that:

> a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, economic or monetary loss, or a defect in or damage to property which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made[.]

In other words, "[t]he three year statute of limitation applies unless *at least* two years have passed between the last act or omission giving rise to the injury and the date that Plaintiff did, or reasonably should have, discovered the injury[.]" *Hackos v. Goodman, Allen & Filetti, PLLC*, __ N.C. App. __, __, 745 S.E.2d 336, 340 (2013).

First, we must determine when the last alleged act of negligence by defendants took place. "To determine when the

last act or omission occurred we look to factors such as the contractual relationship between the parties, when the contracted-for services were complete, and when the alleged mistakes could no longer be remedied." *Carle v. Wyrick, Robbins, Yates & Ponton, LLP*, __ N.C. App. __, __, 738 S.E.2d 766, 771, *disc. review denied*, __ N.C. __, 748 S.E.2d 320 (2013). Both parties contend that defendants' last alleged negligent act giving rise to plaintiffs' claim was the closing on 21 April 2005, and we agree given that defendants' services were complete at that point. Furthermore, plaintiffs' alleged injury was that lot 27 had been reduced in size and its boundaries reconfigured and that defendants failed to advise them of these changes prior to closing. Thus, the issue is whether plaintiffs had actual notice or constructive notice of the alleged injury resulting from defendants' alleged negligent acts before the two-year time period mandated by N.C. Gen. Stat. § 1-15(c).

Plaintiffs alleged that they could not have discovered defendants' malpractice until they consulted a law firm in 2009, more than two years after the closing. Thus, they were entitled to the one-year extension of the statute of limitations pursuant to Rule 15(c). In contrast, defendants contend that plaintiffs

had actual or constructive notice of the injury when they received the resurveyed plat and closing documents or, at most, when Mr. Sebastiano called Glenn to report those changes approximately one year after closing.

Here, the record clearly establishes that plaintiffs discovered or should have discovered the injury resulting from defendants' alleged negligence within two years after closing. In the loan documents executed by plaintiffs, the deed of trust and the plat of the resurveyed lot clearly showed the reduction in acreage of lot 27 to 1.43 acres and the reconfigured boundary lines. Plaintiffs do not dispute the fact that they received these documents from Mr. Sebastiano, and Glenn admitted in his deposition that he would have read these documents prior to closing. Furthermore, Glenn testified in his deposition that Mr. Sebastiano informed him within one year that the lot was not only different than the one they originally visited but also that it had been reduced in size and that the boundaries had changed. Thus, at most, approximately one year passed between the last alleged negligent act of defendants, the closing on 21 April 2005, and the date plaintiffs discovered or should have discovered the injury. Consequently, plaintiffs are not entitled to the "one year after discovery" provision codified in

section 15(c). Therefore, plaintiffs had to file their claim of legal malpractice or application to extend the time to file a complaint within three years after the closing on 21 April 2005. By failing to do so, their claim for professional negligence was time barred, and the trial court properly granted defendants' motion for summary judgment.

## Conclusion

Based on the fact that plaintiffs discovered or should have discovered the changes to lot 27 and defendants' failure to notify them of these changes within two years after closing, we affirm the trial court's order granting summary judgment as plaintiffs' claim was time barred by the statute of limitations.

AFFIRMED.

Judges ELMORE and STEELMAN concur.

Report per Rule 30(e).